**David MILLS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 3984.**

Supreme Court of Alaska.

April 6, 1979.

Leonard T. Kelley, Anchorage, for appellant.

John A. Scukanec, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

MATTHEWS, Justice.

Appellant was convicted of two counts of second degree murder, in violation of AS 11.15.030 [1] and was sentenced to serve two consecutive 25 year terms. He appeals on the grounds that the sentence is excessive and contrary to law.

When he committed the crime in question appellant was 24 years old. He had no felony convictions and one misdemeanor larceny conviction. He was unemployed and addicted to heroin.

Appellant murdered two witnesses to a robbery he and an accomplice were then attempting to commit. One of his victims was a 6 year old child. Prior to the robbery he and his accomplice had agreed that he would shoot any witnesses.

We believe that the sentence is not excessive. Further, with the technical exception that the sentence should have reflected that credit is to be given for time served, it is in all respects lawful.[2] In this regard we note that the combined effect of the consecutive sentences for the two counts does not exceed the maximum sentence permitted for one count of second degree murder. Because of this is was unnecessary for the sentencing judge to make a formal finding that confinement for the combined term was necessary to protect the public. *Mutschler v. State*, 560 P.2d 377, 381 (Alaska 1977). There is no ambiguity concerning the point at which appellant will first be eligible for parole consideration. That occurs when he has served one-third of the total period of confinement to which he has been sentenced, that is after 16⅔ years.

AS 33.15.080; *Thomas v. State*, 566 P.2d 630, 633 (Alaska 1977).

The sentence is affirmed and the case is remanded with instructions to enter thereon a provision that credit is to be given for time served.

1. AS 11.15.030 provides as follows:
   *Second degree murder.* Except as provided in §§ 10 and 20 of this chapter, a person who purposely and maliciously kills another is guilty of murder in the second degree, and shall be sentenced to imprisonment for a term of not less than 15 years to life.

2. AS 11.05.040 provides in pertinent part:
   *Computation of term of imprisonment and stay.*
   (a) When a person is sentenced to imprisonment, his term of confinement begins from the day of his sentence. A person who is sentenced shall receive credit toward service of his sentence for time spent in custody pending trial, or sentencing, or appeal, if that detention was in connection with the offense for which sentence was imposed.
   *See Black v. State*, 569 P.2d 804, 805–6 (Alaska 1977).

We have reviewed all of appellant's assertions regarding the sentencing court's alleged failure to give appropriate weight to relevant sentencing information. We find the claims to be without merit.