**Gilbert T. EDMONDS, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–8998.

Court of Appeals of Alaska.

July 29, 2005.

---

Gilbert T. Edmonds, in propria persona, Florence, Arizona, for the Appellant.

Timothy W. Terrell, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

In this appeal, we are asked to decide whether, in instances where a defendant is being sentenced for two or more crimes, the United States Supreme Court's decision in *Blakely v. Washington* affects a sentencing judge's authority under pre–2004 Alaska law—that is, under former AS 12.55.025(e) and (g)—to impose consecutive sentences exceeding the prescribed presumptive term for the defendant's most serious offense. Under those former sentencing statutes, a sentencing judge's authority to impose consecutive sentences did not rest on proof of aggravating factors or other special factual circumstances. We therefore conclude (with one *caveat*, which we describe at the end of this opinion) that *Blakely* does not alter or affect the pre–2004 law governing a judge's decision to impose consecutive versus concurrent sentences.

### Underlying facts

In 2000, in two separate incidents, Gilbert T. Edmonds sexually assaulted an eleven-year-old girl and a thirty-seven-year-old mentally impaired woman. Edmonds ultimately pleaded no contest to four counts of first-degree sexual assault and one count of attempted first-degree sexual assault.

Edmonds was a third felony offender, so he faced a presumptive term of 25 years' imprisonment on each of the four counts of

sexual assault, and a presumptive term of 15 years' imprisonment on the attempted sexual assault.[1]

Under Alaska sentencing law at that time (*i.e.*, under the pre–2005 version of our presumptive sentencing laws), the sentencing judge had no authority to exceed these presumptive terms unless the State proved one or more of the aggravating factors listed in AS 12.55.155(c).[2]

The State alleged three aggravating factors. Edmonds conceded one of these factors—the fact that Edmonds had committed his offenses while on bail release from another felony charge or a misdemeanor charge involving assault. *See* AS 12.55.155(c)(12). And, at the sentencing hearing, the superior court found that the other two proposed aggravating factors had been proved.

Under Alaska's pre–2005 sentencing law, these aggravating factors authorized the court to increase Edmonds's sentences above the prescribed presumptive terms, up to the maximum sentences for his crimes. *See* AS 12.55.155(a). (At that time, the maximum sentence for first-degree sexual assault was 30 years' imprisonment, and the maximum sentence for attempted first-degree sexual assault was 20 years' imprisonment.[3])

Nonetheless, the court decided not to increase Edmonds's sentences on account of these aggravators. The superior court sentenced Edmonds to the presumptive term of 25 years' imprisonment on all four counts of first-degree sexual assault. The court declared that two of these 25–year terms would be completely concurrent, and that 4 years of the other two sentences would be consecutive. Thus, Edmonds received a total of 33 years to serve for the four counts of first-degree sexual assault.

On Edmonds's remaining count, attempted first-degree sexual assault, the court imposed the 15–year presumptive term. The court made this term mostly concurrent with the four counts of sexual assault, but ordered that 4 years of this term would be consecutive to Edmonds's other sentences.

Thus, Edmonds's composite sentence for his five crimes was 37 years to serve.

These sentences were imposed on June 25, 2001, and the court's judgement was distributed on June 28th. Edmonds did not appeal the superior court's judgement.

More than three years later, in October 2004, Edmonds filed a motion to modify his composite sentence. He claimed that his composite sentence was imposed in violation of his right to jury trial as interpreted by the United States Supreme Court in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In particular, Edmonds contended that his sentencing judge could not lawfully have imposed more than 15 years to serve.

It is unclear how Edmonds arrived at this 15–year ceiling. We assume that he was arguing that 15 years was the ceiling because this was the presumptive term for his *least serious* offense (the one count of attempted first-degree sexual assault), and because *Blakely* and *Apprendi* somehow restricted his sentence to the *lowest* penalty he faced for any of his five offenses.

Superior Court Judge Philip R. Volland did not attempt to clarify these details of Edmonds's argument. Rather, he concluded that Edmonds could not claim the benefit of *Blakely* because Edmonds's judgement was

---

1. First-degree sexual assault is an unclassified felony, AS 11.41.410(b), and an attempt to commit first-degree sexual assault is a class A felony, AS 11.31.100(d)(2). The sentencing laws in effect at the time of Edmonds's offenses prescribed a presumptive term of 25 years' imprisonment for a third felony offender convicted of first-degree sexual assault, AS 12.55.125(i)(4) (2000), and a presumptive term of 15 years' imprisonment for a third felony offender convicted of a class A felony, AS 12.55.125(c)(4) (2000).

2. The pre–2005 versions of AS 12.55.125(c), (d), (e), and (i) all declared: "a defendant convicted of [the specified felony] *shall be sentenced to the following presumptive terms*, subject to adjustment as provided in AS 12.55.155–12.55.175 (emphasis added)"—that is, subject to adjustment for the aggravating and mitigating factors listed in AS 12.55.155(c)-(d), or for extraordinary circumstances as defined in AS 12.55.165.

3. AS 12.55.125(i) (2000) and AS 12.55.125(c) (2000), respectively.

final before *Blakely* was decided. (*Blakely* was decided on June 24, 2004.) Judge Volland therefore denied Edmonds's motion.

### The present appeal

Edmonds now appeals the superior court's decision. However, most of his brief is devoted to rebutting the superior court's assertion that *Blakely* does not apply to defendants whose convictions were final before *Blakely* was issued. This issue of retroactivity is moot unless Edmonds demonstrates that the sentencing procedures in his case did indeed violate *Blakely*.

■ In *Blakely* and *Apprendi*, the Supreme Court interpreted the right to jury trial guaranteed by the Sixth Amendment to the United States Constitution. Both decisions rest on a principle that was recently reiterated in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005): "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S.Ct. at 756.

### Edmonds's argument that Blakely prohibited the superior court from imposing individual sentences of 25 years' imprisonment on Edmonds's four counts of first-degree sexual assault

■ In his brief to this Court, Edmonds argues that, unless the State proved unspecified factual issues to a jury, *Blakely* imposed a 15-year ceiling on Edmonds's composite sentence for the four counts of first-degree sexual assault and the one count of attempted first-degree sexual assault. But Edmonds offers little explanation of how he reached this conclusion.

Edmonds appears to be arguing that 15 years was the sentencing ceiling because his *least serious* offense (the one count of attempted first-degree sexual assault) carried a 15-year presumptive term for third felony offenders like himself. In other words, Edmonds appears to be contending that, when a defendant faces sentencing for two or more

offenses, *Blakely* and *Apprendi* restrict the defendant's sentence to the *lowest* penalty that could be imposed for any of those offenses, unless the State proves aggravating facts to a jury. This argument is mistaken.

■ *Blakely* holds that the Sixth Amendment to the United States Constitution guarantees criminal defendants a right to jury trial on all factual issues that are necessary to establish a sentencing judge's authority to impose the type of sentence that the defendant received. Thus, when a sentencing judge has no authority to exceed a specified sentencing ceiling unless particular aggravating factors are proved, the defendant has a right to demand a jury trial on those aggravating factors (with the exception of prior criminal convictions). *Blakely*, 124 S.Ct. at 2537–38.

But when a defendant (like Edmonds) is convicted of some crimes that carry a greater sentence and other crimes that carry a lesser sentence, the factual circumstance that triggers the sentencing judge's authority to impose the greater sentence is the fact that the defendant was convicted of the crime(s) that carry that greater sentence.

For the defendant to be convicted of the crime that carried the greater sentence, one of three things had to happen: either (1) the defendant exercised their right to trial by jury, and the jury found the defendant guilty; or (2) the defendant was offered a jury trial but waived it, choosing instead to be tried by a judge, and the judge found the defendant guilty; or (3) the defendant was offered a jury trial but waived trial altogether, choosing instead to enter a plea of guilty or no contest. Regardless of how the defendant was found guilty, the defendant's right to jury trial and the defendant's right to proof beyond a reasonable doubt were both honored—and thus *Blakely* is satisfied.

*Accord United States v. Orduño–Mireles*, 405 F.3d 960, 961–62 (11th Cir.2005); *United States v. Johns*, 336 F.Supp.2d 411, 422 (M.D.Pa.2004); *State v. Chiappetta*, 210 Ariz. 40, 107 P.3d 366, 374 (Ariz.App.2005); *López v. People*, 113 P.3d 713, 730–31 (Colo.2005); *State v. Lowery*, 160 Ohio App.3d 138, 826 N.E.2d 340, 352 (2005); *State v. Pérez*, 196

Or.App. 364, 102 P.3d 705, 708–710 (2004); *State v. Hughes*, 154 Wash.2d 118, 110 P.3d 192, 201 (2005).

For these reasons, the superior court could properly subject Edmonds to the prescribed 25–year presumptive term for each of his four counts of first-degree sexual assault. And, as we explained above, even though the superior court found three aggravating factors, the court did not exercise the enhanced sentencing authority that these aggravating factors conferred. Rather, the court sentenced Edmonds to the unadjusted presumptive term of 25 years' imprisonment on each count.

(Similarly, the court sentenced Edmonds to the unadjusted presumptive term of 15 years' imprisonment on the one count of attempted first-degree sexual assault.)

To summarize: None of Edmonds's individual sentences exceeded the applicable presumptive term for a third felony offender convicted of that crime. Thus, none of Edmonds's individual sentences was imposed in violation of the right to jury trial recognized in *Blakely*.

*Edmonds's argument that Blakely prohibited the superior court from imposing consecutive (or partially consecutive) sentences totaling more than 25 years*

As explained above, the superior court imposed partially consecutive sentences on Edmonds's four counts of first-degree sexual assault. In addition, the superior court imposed a partially consecutive sentence for Edmonds's fifth crime, attempted first-degree sexual assault. All told, Edmonds received a composite sentence of 37 years to serve.

Edmonds contends that *Blakely* prohibits a sentencing judge from imposing consecutive (or partially consecutive) sentences. However, Edmonds's "argument" consists of two conclusory sentences in which he simply asserts that, under *Blakely* and *Apprendi*,

his composite sentence could not exceed the presumptive term for any of his individual crimes.

*Blakely* and *Apprendi* declare that, with the exception of prior convictions, when a judge's sentencing authority hinges on proof of facts beyond those established by the guilty verdict or the defendant's plea, those additional facts must be admitted by the defendant or proved to a jury beyond a reasonable doubt. (Conceivably, a third option exists: the defendant might waive the right to jury trial and consent to have the additional facts litigated to the judge.)

■ But the superior court's authority to impose consecutive sentences on Edmonds did not hinge on proof of any additional facts. At the time of Edmonds's sentencing (*i.e.*, in June 2001), a sentencing judge's authority to impose consecutive sentences was governed by former AS 12.55.025(e) and (g).[4] These two sections required consecutive sentences in certain circumstances, and in all other instances they gave a sentencing judge discretion as to whether a defendant's sentences should be imposed consecutively or concurrently. In fact, both this Court and the Alaska Supreme Court construed former AS 12.55.025(e) and (g) as creating a *preference* for consecutive sentences, which a sentencing judge had the discretion to reject.[5]

We note that the California Supreme Court recently held that *Blakely* does not affect a sentencing judge's discretionary decision whether to impose a defendant's sentences consecutively or concurrently. *People v. Black*, 35 Cal.4th 1238, 29 Cal.Rptr.3d 740, 757–58, 113 P.3d 534, 549 (2005).

Thus, it would appear that *Blakely* did not alter or restrict the sentencing judge's authority to make Edmonds's sentences partially consecutive.

We say "it would appear" because one might conceivably argue that *Blakely* applies to pre–2004 consecutive sentencing in

---

4. These two sections were repealed in 2004 and replaced with a new statute, AS 12.55.127. *See* SLA 2004, ch. 125, § 7 (effective July 1, 2004).

5. *See State v. Hodari*, 996 P.2d 1230, 1233 (Alaska 2000); *State v. Andrews*, 707 P.2d 900, 909

(Alaska App.1985), *affirmed* 723 P.2d 85 (Alaska 1986); *Contreras v. State*, 767 P.2d 1169, 1174 (Alaska App.1989); *Jones v. State*, 744 P.2d 410, 411 (Alaska App.1987).

Alaska because of the *Neal–Mutschler* rule. The *Neal–Mutschler* rule is a common-law rule (that is, a sentencing rule announced by the Alaska Supreme Court) which states that a sentencing judge should not impose consecutive sentences that total more than the maximum sentence for the defendant's most serious offense unless the sentencing judge expressly finds that such a sentence is necessary to protect the public.[6]

Edmonds does not discuss the *Neal–Mutschler* rule in his brief, much less the possibility that *Blakely* might affect the operation of the *Neal–Mutschler* rule. Moreover, we note that appellate courts in other jurisdictions have suggested that *Blakely* does not apply to sentencing decisions such as how lengthy a sentence is needed to adequately protect the public—because such decisions do not hinge on proof of particular specified facts, but rather involve a traditional exercise of sentencing discretion.

*See People v. Rivera,* 5 N.Y.3d 61, 833 N.E.2d 194 (N.Y. 2005), footnote 8; *Brown v. Greiner,* 409 F.3d 523, 533 (2nd Cir.2005); *State v. Satterwhite,* 2005 WL 1356445 at *6 (Ohio App. (10th Dist.) June 9, 2005); *State v. Lett,* 161 Ohio App.3d 274, 829 N.E.2d 1281, 1287–89 (2005) (*en banc*); *State v. Rivera,* 106 Hawai'i 146, 102 P.3d 1044, 1055–56, 1059–1062 (2004).

Because this issue has not been briefed, and because it is not clear whether *Blakely* applies at all to the *Neal–Mutschler* rule, we do not resolve the question of whether, or how, *Blakely* affects consecutive sentencing in cases governed by the *Neal–Mutschler* rule—that is, cases in which the sentencing judge wishes to impose consecutive sentences that total more than the maximum sentence for the defendant's most serious offense.

*Conclusion*

We do not reach the issue of whether *Blakely* applies retroactively to convictions that were final before *Blakely* was decided.

Instead, we conclude that even if *Blakely* did apply to Edmonds's sentencing, the procedures employed at Edmonds's sentencing did not violate *Blakely*.

On this basis, the judgement of the superior court is AFFIRMED.

**6.** *See Neal v. State,* 628 P.2d 19, 21 (Alaska 1981): "Our past decisions imply that where consecutive sentences for two or more counts exceed the maximum sentence for any single count, the sentencing judge should make a formal finding that confinement for the combined term is necessary to protect the public." (Citing *Mills v. State,* 592 P.2d 1247, 1248 (Alaska 1979), and *Mutschler v. State,* 560 P.2d 377, 381 (Alaska 1977)); *Powell v. State,* 88 P.3d 532, 537 (Alaska App.2004).