Sugar R. GREIST, Appellant,

v.

STATE of Alaska, Appellee.

No. A–8859.

Court of Appeals of Alaska.

Oct. 7, 2005.

Diane L. Foster, Assistant Public Defender, Kotzebue, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Diane L. Wendlandt, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION* as revised on rehearing

COATS, Chief Judge.

In 2003, Sugar R. Greist was convicted of third-degree assault, a class C felony.[1] Greist was a first felony offender. Under Alaska sentencing law at that time, there was no presumptive term of imprisonment for first felony offenders convicted of class C felonies.[2] However, Greist's sentencing was governed by former Alaska Statute 12.55.125(k)(2). This statute declared that, in the absence of one or more of the aggravating factors defined in AS 12.55.155(c), or extraordinary circumstances as defined in AS 12.55.165, a first felony offender convicted of a class C felony could not receive more than 2 years to serve—the presumptive term established for second felony offenders convicted of class C felonies.[3]

---

1. AS 11.41.220(d).

2. *See* the pre–2005 version of AS 12.55.125(e).

3. AS 12.55.125(k) was repealed by SLA 2005, ch. 2, § 32 (effective March 22, 2005). Both AS 12.55.155(c) and AS 12.55.165 were also amended by the same session law (§ 18 and ·§ 22,

At Greist's original sentencing, the superior court imposed a sentence that entailed less than 2 years to serve: 36 months with 27 months suspended (*i.e.,* 9 months to serve). However, Greist later violated the conditions of his probation, and the superior court imposed the previously suspended 27 months of imprisonment. Thus, following his probation revocation, Greist's sentence for third-degree assault totaled 3 years to serve—1 year more than the 2-year ceiling prescribed by former AS 12.55.125(k)(2).

In this appeal, Greist contends that this 3-year sentence is illegal under the United States Supreme Court's decision in *Blakely v. Washington*[4] because he never received a jury trial on any aggravating factors.

Under *Blakely*, a defendant normally has a right to jury trial, and a right to demand proof beyond a reasonable *doubt*, whenever the defendant's sentencing ceiling hinges on disputed issues of fact.[5] However, *Blakely* exempts a defendant's prior convictions from this rule.[6] In Greist's case, the record discloses (and Greist does not dispute) that he was previously adjudicated a delinquent juvenile for conduct that would have been a felony if committed by an adult. This is an aggravating factor under AS 12.55.155(c)(19). And, for the reasons explained here, we conclude that this aggravating factor falls within *Blakely's* exception for prior convictions.

Thus, the superior court was authorized to rely on this aggravating factor without holding a jury trial. And, based on this aggravating factor, the superior court was authorized to exceed the normal sentencing ceiling of 2 years to serve, codified in former AS 12.55.125(k)(2).

*Factual and procedural background*

Greist's conviction of assault in the third degree arose from events which occurred on February 1, 2003. According to the presentence report, Greist forced a 15-year-old boy to drink alcoholic beverages, and then Greist took the boy riding on a snow machine, even though Greist himself was intoxicated. Greist drove the snow machine over a cliff, injuring himself and the boy. The boy suffered severe injuries as a result of this crash. When Greist was taken into custody, his blood alcohol level was measured at .163 percent—more than twice the legal limit for operating a motor vehicle.

Greist had a prior misdemeanor conviction for driving while intoxicated. He also had been adjudicated a delinquent minor several times.

Greist reached a plea agreement with the State in which he pleaded no contest to third-degree assault, a class C felony. Because Greist was a first felony offender, he was not subject to a presumptive term of imprisonment. However, as explained above, his sentencing was governed by former AS 12.55.125(k)(2), which set a ceiling of 2 years to serve unless the State proved one or more of the aggravating factors listed in AS 12.55.155(c) or extraordinary circumstances as defined in AS 12.55.165.

In advance of Greist's sentencing, the State gave notice that an aggravating factor applied to Greist's case—Greist's "prior criminal history include[d] an adjudication as a delinquent for conduct that would have been a felony if committed by an adult."[7]

Greist did not dispute this aggravating factor. In fact, at the sentencing hearing, the defense attorney conceded that Greist had several juvenile delinquency adjudications for offenses that would have been felonies if Greist had been an adult. However, Greist's attorney asked the court not to place great weight on this aggravating factor, since Greist had never spent a prolonged period of time in custody as a result of these delinquency adjudications.

Superior Court Judge Richard H. Erlich did not address this proposed aggravating factor when he imposed sentence. Instead, he sentenced Greist to less than the statuto-

---

respectively), but in ways that are not pertinent to Greist's appeal.

4.  542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

5.  *Id.* at ——, 124 S.Ct. at 2536–37.

6.  *Id.*

7.  AS 12.55.155(c)(19).

ry ceiling: 36 months with 27 months suspended.

After serving these 9 months, Greist was placed on probation for three years. Shortly thereafter, the State filed petitions to revoke Greist's probation (for failing to report to his probation officer and for failing to complete a substance abuse treatment program).

Three weeks later, Greist was arrested for unlawfully bringing alcoholic beverages into Kotzebue by airplane. At a subsequent bench trial, Greist was found guilty of transporting alcoholic beverages by common carrier[8] (a class A misdemeanor) and making a false report[9] (a class A misdemeanor).

On January 14, 2004, the State filed yet another petition to revoke Greist's probation from the third-degree assault conviction. This petition alleged that Greist had violated his probation by failing to complete the substance abuse program, by possessing alcoholic beverages, and by violating state law (based on Greist's recent convictions for transporting alcoholic beverages and making a false report).

On June 24, 2004 (coincidentally, the day on which *Blakely* was issued), Judge Erlich held a hearing on the State's petition to revoke Greist's probation. At that hearing, Greist admitted the alleged violations of probation.

Judge Erlich concluded that Greist's violations of probation required revocation of his probation. And, based on the facts of Greist's original offense, his prior record, and his conduct while on probation, Judge Erlich further concluded that he should impose all of Greist's previously suspended 27 months of imprisonment.

In his sentencing remarks, Judge Erlich expressly noted that one of the aggravated features of Greist's case was Greist's juvenile record—in particular, the fact that Greist had a delinquency adjudication for conduct that would have been a felony if Greist had been an adult:

> The Court: On a petition to revoke probation, I look at the nature of the [original] charges, [the defendant's] conduct while on probation, and ... the original sentencing criteria.
>
> Mr. Greist has admitted to [new] violations of the law.... [And] there was ... consumption of alcohol [while on probation].
>
> He was [originally] convicted of an assault in the third degree .... He has a prior conviction for driving while intoxicated in 2002. He has a juvenile adjudication for an offense which would have been a felony.
>
> . . .
>
> Given the nature of his juvenile record—and it ... seems, I'm sorry to say, that there are not long gaps between those [juvenile] incidents and what's happening in his adult life—I [must consider] protection of the public as my primary sentencing goal.
>
> . . .
>
> So, therefore, I am going to revoke the [previously] suspended 27 months. All time is revoked.

Greist now appeals this sentence. Greist argues that the superior court's sentencing procedure was unlawful—that Judge Erlich violated Greist's Sixth Amendment right to jury trial as interpreted in *Blakely*. Greist also argues that even if the sentencing procedure was lawful, his sentence is excessive.

### The Blakely issue

Greist points out that, under former AS 12.55.125(k)(2), Judge Erlich could not sentence him to a term of imprisonment exceeding 2 years to serve unless the judge found one or more of the aggravating factors listed in AS 12.55.155(c) or extraordinary circumstances as defined in AS 12.55.165. Greist argues that, under *Blakely v. Washington*, he was entitled to a jury trial regarding any proposed aggravating factors—and that, because no jury trial was ever held on any aggravating factors, Judge Erlich had no authority to exceed the statutory ceiling of 2 years to serve when he revoked Greist's probation.

8. AS 04.16.125(a)(1) and (2); AS 04.16.180(a).  9. AS 11.56.800(a)(1).

We agree with Greist that, under former AS 12.55.125(k)(2), Judge Erlich could not impose a sentence entailing more than 2 years to serve unless one or more aggravating factors were proved. The next question is whether *Blakely* applies to Greist's case. Greist's original criminal judgement was already final when *Blakely* was decided, but Greist's probation revocation was not final when *Blakely* was decided. Because of this, Greist argues that he is entitled to the benefit of the Supreme Court's decision in *Blakely* to the extent that it affects the legality of his probation revocation and his resulting amended sentence.[10]

We conclude that we need not decide this issue. Even if *Blakely* applied to defendants in Greist's situation, the sentencing proceedings in Greist's case did not violate *Blakely*.

■ As we explained above, *Blakely* expressly exempts a defendant's prior convictions from the requirement of jury trial. That is, when a defendant's prior conviction is the fact that authorizes a sentencing judge to exceed an otherwise applicable sentencing limit, the sentencing judge can rely on that prior conviction despite the normal *Blakely* requirement of a jury trial.

One obvious rationale for this exception is the fact that in the case of a prior conviction, the defendant's rights to jury trial and to proof beyond a reasonable doubt have already been honored. As we recently explained in *Edmonds v. State:*[11]

> For [a] defendant to be convicted of [a] crime ..., one of three things had to happen: either (1) the defendant exercised [his] right to trial by jury, and the jury found the defendant guilty; or (2) the defendant was offered a jury trial but waived it, choosing instead to be tried by a judge,

and the judge found the defendant guilty; or (3) the defendant was offered a jury trial but waived trial altogether, choosing instead to enter a plea of guilty or no contest. Regardless of how the defendant was found guilty, the defendant's right to jury trial and the defendant's right to proof beyond a reasonable doubt were both honored—and thus *Blakely* is satisfied.[12]

The same thing is true with respect to juvenile delinquency adjudications under Alaska law. The standard of proof in juvenile delinquency proceedings is "beyond a reasonable doubt."[13] And in *R.L.R. v. State,*[14] our supreme court held that the Alaska Constitution guarantees a right of jury trial to any minor who is alleged to be delinquent based on conduct that, if committed by an adult, would be a crime carrying a penalty of incarceration.[15]

■ Thus, under the Alaska Constitution, whenever a minor is alleged to be delinquent based on conduct that would be a felony if committed by an adult, that minor cannot be adjudicated a delinquent unless a jury finds the allegation proved beyond a reasonable doubt (or unless the minor waives his right to jury trial). We therefore conclude that an Alaska juvenile delinquency adjudication based on felony conduct falls within the *Blakely* exception for prior convictions.

As explained above, it is an aggravating factor under AS 12.55.155(c)(19) that the defendant has a prior juvenile delinquency adjudication for conduct that would be a felony if committed by an adult. And, as also explained above, Greist did not dispute that he had such a delinquency adjudication. In fact, his attorney conceded that Greist had several juvenile delinquency adjudications for of-

**10.** See our recent decision in *Haag v. State,* 117 P.3d 775 (Alaska App. 2005).

**11.** 118 P.3d 17 (2005).

**12.** *Edmonds,* 118 P.3d at 20. *Accord: U.S. v. Orduño–Mireles,* 405 F.3d 960, 962 (11th Cir. 2005); *United States v. Johns,* 336 F.Supp.2d 411, 422 (M.D.Pa.2004); *State v. Chiappetta,* 210 Ariz. 40, 107 P.3d 366, 373–74 (Ariz.App.2005); *López v. People,* 113 P.3d 713, 730–31 (Colo. 2005); *State v. Lowery,* 160 Ohio App.3d 138, 826 N.E.2d 340, 352 (2005); *State v. Pérez,* 196 Or.App. 364, 102 P.3d 705, 709 (2004); *State v. Hughes,* 154 Wash.2d 118, 110 P.3d 192, 201 (2005).

**13.** *E.J. v. State,* 471 P.2d 367, 368–69 (Alaska 1970); *In re Winship,* 397 U.S. 358, 362–63, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); Alaska Delinquency Rule 11(b).

**14.** 487 P.2d 27 (Alaska 1971).

**15.** *Id.* at 33.

fenses that would have been felonies if Greist had been an adult. Therefore the record clearly establishes aggravator (c)(19).

Thus, even if *Blakely* applied to Greist's probation revocation sentencing proceedings, Judge Erlich would have been authorized to rely on this aggravator without the need for a further jury trial. And, because of this aggravator, Judge Erlich was authorized under former AS 12.55.125(k)(2) to sentence Greist to more than 2 years to serve. For these reasons, even assuming that *Blakely* applied to Greist's case, Greist's sentence would not violate *Blakely*.

### *Greist's claim that his sentence is excessive*

■ As we noted above, Greist argues in the alternative that, even if his probation revocation sentence is legal under *Blakely*, that sentence is nevertheless excessive.

When he sentenced Greist following the probation revocation, Judge Erlich considered the seriousness of the original conduct that led to Greist's assault conviction. He noted that Greist was highly intoxicated when he drove the snow machine, and that Greist recklessly drove the snow machine over a cliff, inflicting severe injuries on his young passenger (and injuring himself as well). Judge Erlich further noted that Greist's blood alcohol level was .163 percent shortly after the accident. And the judge observed that, shortly before this incident, Greist had been convicted for driving while intoxicated.

Judge Erlich also considered Greist's extensive juvenile record and his failures on juvenile probation. He specifically observed that Greist had a juvenile adjudication for an offense which would have been a felony had Greist been an adult.

The judge concluded that, given the seriousness of Greist's offense and Greist's poor record, he should impose all 27 months of Greist's previously suspended jail time.

Judge Erlich's findings are supported by the record, and we conclude that these findings in turn support the sentence that he imposed. We accordingly conclude that Greist's sentence is not clearly mistaken.[16]

### *Conclusion*

The sentencing decision of the superior court is AFFIRMED.

---

16. *See McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974) (an appellate court is to affirm a sentencing decision unless the decision is clearly mistaken).