Matthew Mark **MOORE**, Appellant,

v.

**STATE of Alaska, Appellee.**

No. A–9691.

Court of Appeals of Alaska.

Jan. 18, 2008.

Averil Lerman and Dan Bair, Assistant Public Advocates, and Joshua P. Fink, Public Advocate, Anchorage, for the Appellant.

Daine L. Wendlandt, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

STEWART, Judge.

In *Moore v. State*, 123 P.3d 1081 (Alaska App.2005), we affirmed Matthew Mark Moore's convictions for attempted first-degree sexual assault, attempted second-degree sexual assault and first-degree burglary,[1] but we held that under the rule in *Whitton v. State*,[2] Moore's convictions for attempted first- and attempted second-degree sexual assault must merge.[3]

We rejected Moore's claims regarding his sentence, except for his claim that the record did not support statutory aggravating factor AS 12.55.155(c)(8) (Moore's criminal history includes conduct involving aggravated or repeated instances of assaultive behavior) because the record did not show that Moore had a criminal history of repeated instances of assaultive conduct. Because the superior court was required to resentence Moore, we left that issue for the superior court to address at resentencing.[4]

---

1. AS 11.41.410(a)(1)and AS 11.31.100(a); AS 11.41.420(a)(3)(B) and AS 11.31.100(a); and AS 11.46.300(a)(1), respectively.

2. 479 P.2d 302 (Alaska 1970).

3. *Moore,* 123 P.3d at 1092–94.

4. *Id.* at 1092.

At resentencing, Moore conceded that he had two juvenile adjudications for assault. The superior court found that aggravator (c)(8) applied. Originally, Superior Court Judge Ben J. Esch sentenced Moore to a composite term of 12 years with 4 suspended. At Moore's resentencing, Judge Esch imposed an 8–year term with 3 years suspended for attempted first-degree sexual assault. (The conviction for attempted second-degree assault merged with this count.) Judge Esch imposed a 2–year term for first-degree burglary with 1 year of that term consecutive to attempted first-degree sexual assault. Thus, Moore received a composite 9–year term with 3 years suspended. We discussed the facts of Moore's case in the earlier opinion and will not repeat them here. Moore appeals.

*Moore's attack on the superior court's finding that aggravator (c)(8) applied*

Moore advances several attacks on the superior court's finding of the (c)(8) aggravator. For the most part, Moore raises arguments that could have been raised in his first appeal or that were resolved by that opinion.[5]

In the first appeal, Moore argued that the sentence for attempted first-degree sexual assault was excessive, that the two sexual assault charges should have merged at sentencing, and that the court erroneously failed to find a statutory mitigating factor. Moore also claimed that Judge Esch increased his sentence based on finding a statutory aggravating factor in violation of *Blakely v. Washington*.[6] Finally, Moore contended that the composite sentence he received was excessive. We agreed with Moore that merger was required, but rejected Moore's other claims with the exception of the issue of whether there was an evidentiary basis for aggravator (c)(8) that complied with *Blakely*.

Moore argues that the superior court could not rely on his juvenile adjudication for con-

duct that constituted third-degree assault because that adjudication was ultimately vacated. However, the Alaska Supreme Court in *Berfield v. State*[7] ruled that, while a defendant's juvenile history cannot be used to impose a mandatory sentence, that history is relevant information about a defendant's life, characteristics, background and behavior before the age of 18.[8] Under *Berfield*, the conduct underlying Moore's adjudication for third-degree assault was pertinent information for sentencing purposes. Consistent with *Blakely*, Moore had the right to demand that the State prove the conduct alleged in the delinquency petition to a jury beyond a reasonable doubt.[9]

Moore recognizes that an adult conviction that has been set aside may be used as a basis for an aggravating factor.[10] But Moore argues that a vacated adjudication should not be used to support aggravator (c)(8) because of differences between a juvenile proceeding and an adult criminal case. But as the supreme court indicated in *Berfield*, a defendant's conduct as a juvenile is relevant for sentencing purposes. And a juvenile adjudication in Alaska contains the hallmarks that satisfy *Blakely*—the right to a jury trial and the State's burden to prove the delinquency petition beyond a reasonable doubt. Moreover, Judge Esch ruled that the important issue in Moore's case was not that Moore had two juvenile adjudications for assault, but was whether, consistent with the requirements of *Blakely*, each of Moore's adjudications established, beyond a reasonable doubt, that Moore had engaged in "repeated instances of assaultive behavior."

Moore contends that AS 47.12.180(a) bars the use of a juvenile adjudication as a prior criminal conviction. But Judge Esch did not use Moore's history of juvenile adjudications to establish that he had prior criminal convictions. Aggravator (c)(8) does not require

5. *See Hurd v. State*, 107 P.3d 314, 327–29 (Alaska App.2005) (holding that Alaska's "law of the case" doctrine includes prohibition against claim-splitting).

6. 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

7. 458 P.2d 1008 (Alaska 1969).

8. *Berfield*, 458 P.2d at 1011–12.

9. *See Greist v. State*, 121 P.3d 811, 813–14 (Alaska App.2005).

10. *See Petersen v. State*, 930 P.2d 414, 437 (Alaska App.1996).

proof of a conviction but is established by proof of aggravated or repeated instances of assaultive behavior. The State could have proven repeated instances of assaultive behavior whether or not Moore had been adjudicated a delinquent. But the two juvenile adjudications that Moore conceded at trial established, consistent with *Blakely*, that Moore had a history of repeated instances of assaultive behavior.

*Conclusion*

The judgment of the superior court is AFFIRMED.

MANNHEIMER, J., concurred.

MANNHEIMER, Judge, concurring.

In *Moore v. State*, 123 P.3d 1081 (Alaska App.2005), we affirmed Matthew Mark Moore's convictions for attempted first-degree sexual assault and first-degree burglary,[1] but we directed the superior court to reconsider whether the evidence supported a finding of aggravating factor AS 12.55.155(c)(8)—*i.e.*, whether Moore had a criminal history of aggravated or repeated instances of assaultive behavior.

During the resentencing proceedings that were held on remand, Moore conceded that he had two prior delinquency adjudications for assault—an adjudication for third-degree assault, and an adjudication for fourth-degree assault. Based on these two delinquency adjudications, Superior Court Judge Ben J. Esch found that aggravator (c)(8) was proved. Moore now appeals this ruling.

Moore's initial argument is that Judge Esch violated Moore's Sixth Amendment right to jury trial, as interpreted in *Blakely v. Washington*,[2] when the judge decided aggravator (c)(8) without submitting this issue to a jury.

Under *Blakely*, a defendant is normally entitled to a jury trial on any issue of fact which, if found in the State's favor, will increase the defendant's potential maximum sentence. However, *Blakely* makes an exception for findings of fact that are based on a defendant's prior convictions. These factual issues need not be submitted to a jury.[3]

In *Milligrock v. State*, 118 P.3d 11, 16 (Alaska App.2005), this Court expressly held that a sentencing judge could properly find aggravator (c)(8), without submitting the aggravator to a jury, so long as the judge's finding was based solely on the defendant's undisputed prior convictions for crimes of assault.

In the present case, Judge Esch's finding of aggravator (c)(8) was based, not on Moore's prior criminal convictions, but rather on Moore's prior delinquency adjudications for conduct that would have constituted crimes of assault if Moore had been an adult. But in *Greist v. State*, 121 P.3d 811, 814 (Alaska App.2005), this Court held that Alaska delinquency adjudications fall within *Blakely's* "prior conviction" exception—because, under Alaska law, juvenile offenders have the same two crucial procedural protections as adult criminal defendants: the right to trial by jury, and the right to require the government to prove the offense beyond a reasonable doubt.

Thus, under our decision in *Greist*, Judge Esch did not violate *Blakely* when he decided aggravator (c)(8) without submitting the aggravator to a jury, because his finding was based solely on Moore's prior delinquency adjudications for assault.

Moore suggests that the holding in *Greist* applies only to delinquency adjudications for felony conduct, not misdemeanor conduct such as Moore's adjudication for fourth-degree assault.

It is true that, in *Greist*, we stated that "an Alaska juvenile delinquency adjudication *based on felony conduct* falls within the *Blakely* exception for prior convictions". *Id.* at 814 (emphasis added). However, the aggravating factor that was at issue in *Greist* was aggravator (c)(19)—the aggravator that applies when a "defendant's prior criminal

---

1. AS 11.41.410(a)(1) and AS 11.46.300(a)(1), respectively.

2. 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

3. *See Edmonds v. State*, 118 P.3d 17, 20 (Alaska App.2005) (explaining the legal basis for *Blakely's* "prior conviction" exception to the Sixth Amendment right to jury trial).

history includes an adjudication as a delinquent [minor] *for conduct that would have been a felony* if committed by an adult". AS 12.55.155(c)(19) (emphasis added).

In other words, *Greist's* language about delinquency adjudications "based on felony conduct" must be understood in the context of litigation about an aggravator that applies only to delinquency adjudications based on felony conduct. No portion of our decision in *Greist*—or, at least, no portion other than this one phrase taken out of context—suggests that the *Blakely* "prior conviction" exception should not apply to all delinquency adjudications, whether based on felony or misdemeanor conduct.

In fact, the rationale that we gave in *Greist* for treating delinquency adjudications as "prior convictions" under *Blakely* applies equally to both of these types of delinquency adjudications. Regardless of whether the minor's underlying conduct would constitute a felony or a misdemeanor, Alaska law gives the minor the right to trial by jury and the right to demand proof beyond a reasonable doubt.[4]

For these reasons, I reject Moore's argument that our holding in *Greist* should be limited to felony conduct.

Moore also argues that *Greist* was wrongly decided—that the result in *Greist* is inconsistent with Alaska juvenile delinquency law. Moore relies specifically on AS 47.12.180(3), which declares that a delinquency adjudication "does not operate to permit the adjudication to be afterward considered a [criminal] conviction". Based on this statute, Moore argues that this Court violated Alaska law when we declared that delinquency adjudications should be treated like prior convictions for purposes of *Blakely's* "prior conviction" exception to the right to jury trial.

Moore's argument is based on a misunderstanding of a point of law that was explained by the Alaska Supreme Court in *Berfield v. State*, 458 P.2d 1008 (Alaska 1969).

In *Berfield*, a sentencing judge relied on the defendant's prior delinquency adjudications when explaining why he believed that the defendant should receive a lengthy sentence of imprisonment for a new crime.[5] Berfield argued that this was legal error. Citing former AS 47.10.080(g)—the predecessor to current AS 47.12.180—Berfield argued that it was unlawful for the sentencing judge to rely on his delinquency adjudications because the statute declared that a delinquency adjudication "[could not] be afterward deemed a [criminal] conviction".[6]

But in *Berfield*, the supreme court explained that this statute was not intended to bar judges from considering the *conduct underlying* a prior delinquency adjudication. Rather, the statute was intended to ensure that a delinquency adjudication would not be treated as the equivalent of a criminal conviction when the very *existence* of a conviction makes a difference to the defendant's legal status—as, for instance, when the existence or number of a defendant's prior convictions will determine the defendant's mandatory minimum sentence.[7] Thus, the supreme court held, the sentencing judge's act of considering and weighing the conduct underlying Berfield's prior delinquency adjudications did not constitute "using the juvenile [adjudications] as criminal convictions".[8]

In the present case, Judge Esch's consideration of Moore's prior assaultive behavior conformed to the rule announced in *Berfield*. The issue before Judge Esch was whether the State had proved aggravator (c)(8)—*i.e.*, whether Moore's history included repeated instances of assaultive behavior. To resolve this issue, Judge Esch could properly take account of the fact that Moore had twice been adjudicated a delinquent minor for engaging in assaultive behavior. *Berfield* holds that a sentencing judge can rely on a defendant's past conduct, even though that conduct led to a delinquency adjudication.

Anticipating this analysis of the question, Moore argues that if Judge Esch was relying

---

**4.** *State v. Auliye*, 57 P.3d 711, 714 (Alaska App. 2002).

**5.** *Berfield*, 458 P.2d at 1010.

**6.** *Id.* at 1011.

**7.** *Id.* at 1011.

**8.** *Id.* at 1012.

solely on the prior underlying conduct, without regard to whether that conduct led to a delinquency adjudication, then Judge Esch violated *Blakely*—because the judge was no longer operating within the exception for "prior convictions". This argument is based on a misunderstanding of *Blakely*.

The announced aim of *Blakely* is to ensure a defendant's right to jury trial (and the right to demand proof beyond a reasonable doubt) when the resolution of an issue of fact will affect the defendant's potential maximum sentence. As this Court explained in *Edmonds v. State*, 118 P.3d 17, 20 (Alaska App. 2005), the *Blakely* Court exempted issues of fact that are resolved by a defendant's prior conviction because, in order to convict someone of a crime, the government must have already honored (or the defendant must have affirmatively waived) the right to trial by jury and the right to demand proof of the crime beyond a reasonable doubt.

The *Blakely* exception for prior convictions applies, of course, to aggravators that are proved by the *existence* of prior convictions—for instance, aggravator (c)(15), which applies to defendants who have more than two prior felony convictions. But this Court has repeatedly recognized that the *Blakely* prior conviction exception also applies to aggravators that are proved by the *type of conduct* that *underlies* a prior conviction—aggravators such as (c)(21) (prior similar criminal behavior) [9], (c)(18)(B) (prior sexually assaultive or abusive conduct) [10], and the aggravator involved in this case, (c)(8) (prior assaultive conduct).[11]

Proof of these aggravators does not hinge on the fact that the defendant's prior behavior resulted in a criminal conviction. Indeed, we have construed these aggravators to apply to *all* instances of a defendant's past behavior, whether that behavior resulted in a criminal conviction or not.[12] In other words, the fact that the defendant's underlying behavior may have led to a criminal conviction

is irrelevant to the issue of whether the aggravator is proved.

But because of the right to jury trial recognized in *Blakely*, the fact that the defendant's conduct led to a conviction is quite relevant to another issue—the issue of which trier of fact (sentencing judge or jury) must decide whether the aggravator is proved. If the prior conduct led to a conviction, the sentencing judge is authorized to consider that conduct without submitting the issue to a jury.

I now apply this law to the facts of Moore's case.

On the issue of whether the evidence in Moore's case established aggravator (c)(8), it was irrelevant that Moore's assaultive behavior had led to delinquency adjudications. It was the underlying conduct that was relevant. Thus, under the rule announced in *Berfield*, these delinquency adjudications were not being treated as the equivalent of criminal convictions.

The fact that Moore's past instances of assaultive behavior resulted in delinquency adjudications was important, however, for a different purpose: it allowed Judge Esch to resolve aggravator (c)(8) without submitting the aggravator to a jury, because of the *Blakely* exception for prior convictions.

For these reasons, Judge Esch violated neither AS 47.12.180 nor *Blakely* when he found aggravator (c)(8) based on the assaultive conduct underlying Moore's prior delinquency adjudications.

Moore next argues that Judge Esch could not properly rely on Moore's delinquency adjudication for third-degree assault. Moore notes that this adjudication was later set aside by the superior court, based on the fact that Moore successfully completed his probation. Because this delinquency adjudication was set aside, Moore argues that Judge Esch was prohibited from considering the conduct

---

**9.** *See Lockuk v. State*, 153 P.3d 1012, 1014–15 (Alaska App.2007); *Grohs v. State*, 118 P.3d 1080, 1083–84 (Alaska App.2005).

**10.** *See Active v. State*, 153 P.3d 355, 366 (Alaska App.2007).

**11.** *See Milligrock v. State*, 118 P.3d 11, 15–16 (Alaska App.2005).

**12.** *See Russell v. State*, 934 P.2d 1335, 1347 (Alaska App.1997); *Fagan v. State*, 779 P.2d 1258, 1260 (Alaska App.1989).

underlying this adjudication when he made his decision on aggravator (c)(8).

I conclude that Moore's contention is again answered by the supreme court's decision in *Berfield*. Proof of aggravator (c)(8) did not hinge on the *existence* of the set-aside delinquency adjudication. Rather, the proof of this aggravator rested on the *conduct* underlying the set-aside adjudication. Under the rule announced in *Berfield*, it was proper for Judge Esch to consider Moore's prior conduct.

In this context, it is important to distinguish cases such as Moore's, where a prior conviction or a prior delinquency adjudication is set aside because of the defendant's later successful completion of probation, from cases where a defendant's conviction or delinquency adjudication is later vacated based on proof of the defendant's factual innocence. In the latter category of cases, it would obviously be improper for a judge to rely on the conviction or delinquency adjudication as proof of the underlying criminal conduct alleged by the State. But Moore's case is among the first category of cases—cases where the conviction or delinquency adjudication is set-aside for reasons unrelated to the defendant's factual guilt.

It could certainly be argued that a sentencing judge should give lesser or little weight to aggravator (c)(8)—that is, to a defendant's history of assaultive behavior—if the defendant's later progress toward rehabilitation indicates that the defendant is no longer likely to commit acts of violence. Nevertheless, the fact that the defendant committed acts of assault in the past remains proved, despite the set-aside based on the defendant's later successful completion of probation.

Moore next argues that notions of due process should bar a judge (or even a jury) from relying on a defendant's prior misdemeanor-level assaults, committed when the defendant was a minor, for purposes of proving aggravator (c)(8). Specifically, Moore argues that, because the apparent purpose of aggravator (c)(8) is to identify adult felony defendants who are atypically dangerous (*i.e.*, who are more assaultive than a typical felony offender), it makes little sense to allow aggravator (c)(8) to be proved by misdemeanor-level assaults committed when the defendant was a young teenager. According to Moore, such youthful offenses have essentially no probative value on the issue of an adult offender's level of dangerousness—or, at least, so little probative value that it violates due process to allow this youthful misconduct to be used as proof of aggravator (c)(8).

I reject this argument for much the same reasons I rejected Moore's argument about the set-aside adjudication. It may be that a sentencing judge should give little or no weight to a delinquency adjudication for assaultive conduct if that assaultive conduct occurred when the defendant was quite young *and* the defendant has not continued to exhibit violent behavior in later life. On the other hand, if a defendant commenced violent behavior when quite young and continues to exhibit violent behavior even after reaching greater maturity, this would be quite relevant to the sentencing judge's assessment of the defendant's level of dangerousness and the defendant's potential for rehabilitation.

In other words, there may be times when the circumstances of the case suggest that a sentencing judge should give little weight to an early delinquency adjudication for assaultive conduct. But on the other hand, there will be times when this type of delinquency adjudication will properly be viewed as significant to the sentencing decision. Moore is simply incorrect when he asserts that such delinquency adjudications are uniformly so irrelevant that it violates the guarantee of due process of law for a judge to consider them.

Moore argues in the alternative that, even if Judge Esch was entitled to rely on Moore's prior delinquency adjudications, the State failed to adequately prove the existence of these adjudications. Moore points out that the State failed to present certified copies of the judgments in those prior delinquency cases, and instead relied simply on people's statements that those adjudications existed.

But Moore did not—and does not—dispute the existence of those delinquency adjudica-

tions. Thus, to the extent that the State might be faulted for failing to formally prove the adjudications, any error was harmless beyond a reasonable doubt.

Finally, Moore argues that the Alaska Constitution independently guarantees a right to jury trial that parallels *Blakely* (that is, a right to trial by jury on any issue of fact that will trigger a higher maximum sentence), except that the Alaska right of jury trial contains no exception for findings of fact based on a defendant's prior convictions.

We rejected this contention in both *Lockuk v. State*, 153 P.3d 1012, 1017 (Alaska App. 2007), and *Active v. State*, 153 P.3d 355, 366–67 (Alaska App.2007). Specifically, in *Active*

this Court held that "the Alaska Constitution guarantees [no] broader right to jury trial with respect to sentencing factors than the right to jury trial recognized in *Blakely*." *Id.* at 367.

For all of these reasons, I agree with my colleagues that the superior court's judgement should be affirmed.