Adrian PAIGE, Appellant,

v.

STATE of Alaska, Appellee.

Nos. A–8663, A–8664.

Court of Appeals of Alaska.

June 17, 2005.

---

Brant McGee, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## *OPINION*

COATS, Chief Judge.

In this case, the sentencing judge did not specify during his remarks at sentencing whether the defendant's sentences were concurrent or consecutive. We hold that, under former AS 12.55.025(e), when a sentencing judge does not specify whether a defendant's sentences are concurrent or consecutive, the sentences must be deemed concurrent.

### *Factual background*

Adrian Paige was convicted of multiple offenses arising out of two separate criminal episodes.

The first incident took place on August 20, 2002. As a result of this incident a jury convicted Paige of one class C felony, criminal mischief in the third degree,[1] and three misdemeanors: assault in the fourth degree,[2] resisting arrest,[3] and misconduct involving

---

1. AS 11.46.482(a)(1).

2. AS 11.41.230(a)(1).

3. AS 11.56.700(a)(1).

weapons in the fifth degree.[4]

The second episode took place on October 25, 2002. As a result of this incident, a jury convicted Paige of two felonies: robbery in the second degree (a class B felony),[5] and theft in the second degree (a class C felony).[6]

Paige was sentenced for all of these crimes in a single sentencing proceeding. For the first incident, Superior Court Judge Larry Weeks sentenced Paige to 5 years of imprisonment with 2 years suspended for criminal mischief, 1 year of imprisonment with 6 months suspended for assault and resisting arrest, and 90 days of imprisonment for the weapons misconduct. Judge Weeks did not say whether he imposed these sentences concurrently or consecutively.

For the second incident, Judge Weeks sentenced Paige to 10 years of imprisonment with 4 years suspended for the second-degree robbery, and he sentenced Paige to 5 years of imprisonment for the theft. Here, Judge Weeks stated his intention to impose these sentences concurrently with each other. Thus, Paige's composite sentence from this second incident was 10 years of imprisonment with 4 years suspended.

Judge Weeks did not say whether Paige's sentences from the first incident were consecutive to or concurrent with Paige's sentences from the second incident.

But later, when Judge Weeks issued his written judgments in Paige's case, Judge Weeks specified that Paige's sentences on each count arising from the first incident were to be served consecutively to one another, and he further specified that Paige's sentences from the first incident were to be served consecutively to his sentence from the second incident. Thus, according to Paige's written judgments, he received a composite sentence (from both cases) of 17 years and 90

days of imprisonment, with 7 years suspended.

*Why we conclude that Paige's sentences must be deemed concurrent with each other*

■ Both the Alaska Supreme Court and this Court have consistently held that a judge's oral sentencing remarks control over any conflicting provision in the later written judgment.[7] We must therefore decide the legal effect of Judge Weeks's sentencing remarks—where, with one exception, he failed to specify whether Paige's sentences were consecutive or concurrent.

It is important to note, at the outset, that Alaska sentencing law has recently changed. Until last year, the statutory rules governing the imposition of consecutive and concurrent sentences were found in AS 12.55.025(e) and (g). But in its 2004 session, the Alaska legislature repealed these two statutes and enacted a new statute, AS 12.55.127, that contains a different set of rules.[8] Paige was sentenced under the former law, and our decision today deals with that former law. We express no opinion on the meaning or proper application of the new statute.

Paige relies on *Griffith v. State*[9] for the proposition that, under Alaska law until the 2004 amendment, if a sentencing judge did not specify whether a sentence is imposed concurrently or consecutively, the sentence will be deemed to have been imposed concurrently.[10]

We recently addressed this same issue in *Baker v. State*, 110 P.3d 996 (Alaska App. 2005). In *Baker*, we reaffirmed the rule that when a sentencing judge did not specify that a defendant's sentences were to be served consecutively, or when the judge's remarks, taken as a whole, did not clearly show the judge's intent to impose consecutive sen-

---

4. AS 11.61.220(a)(1).

5. AS 11.41.510(a)(1)/(2).

6. AS 11.46.130(a)(2).

7. *Whittlesey v. State*, 626 P.2d 1066, 1067–68 (Alaska 1980); *Graybill v. State*, 822 P.2d 1386, 1388 (Alaska App.1991); *Figueroa v. State*, 689 P.2d 512, 514 (Alaska App.1984).

8. *See* Ch. 125 § 7, SLA 2004 and Ch. 125 § 3, SLA 2004.

9. 675 P.2d 662 (Alaska App.1984), *overruled on other grounds, State v. Andrews*, 707 P.2d 900 (Alaska App.1985), *aff'd* 723 P.2d 85 (Alaska 1986).

10. *Id.* at 664.

tences, the sentences should be deemed to have been imposed concurrently.[11]

As we noted earlier, former AS 12.55.025(e) and (g) were in effect when Paige was sentenced. His case is therefore governed by our decision in *Baker*.

■ The State argues that Judge Weeks's sentencing remarks demonstrate his intent to impose consecutive sentences. It is true that, in his sentencing remarks, Judge Weeks referred to the fact that Paige had "a terrible record going back over a lot of years." But after making this statement, Judge Weeks made only general sentencing remarks discussing the factors that sentencing judges must consider in imposing sentence. We have carefully reviewed the record of the sentencing, and we conclude that Judge Weeks's sentencing remarks, viewed in context, do not clearly establish his intention to impose consecutive sentences. Therefore, under *Baker*, Paige's sentences must be deemed concurrent.

The State also challenges the *Griffith–Baker* rule. The State relies on our decision in *State v. Andrews*, where we construed former AS 12.55.025(e) and (g) as establishing a preference for consecutive sentences.[12] The State suggests that this statutory preference for consecutive sentences had the effect of altering the traditional Alaska rule that sentences would be deemed concurrent unless the sentencing judge specified otherwise. The State argues that, under the former statutes, when a sentencing judge was silent as to whether a defendant's sentences were consecutive or concurrent, those sentences should be deemed consecutive.

However, the State's sole argument on this point consists of citing Judge Mannheimer's concurring opinion in an unpublished decision of this Court, *Stotesbury v. State*.[13] In that concurring opinion, Judge Mannheimer noted that the "apparent majority rule [in American jurisdictions] is that a sentencing judge must take affirmative action to impose consecutive sentences; if the sentencing judge is silent on this question, the defendant's sentences are deemed concurrent."[14] Judge Mannheimer then noted that it was *possible to argue*, given our interpretation of AS 12.55.025(e) in *State v. Andrews*, that "AS 12.55.025(e) now embodies the minority rule—the rule that two sentences should be deemed consecutive if the sentencing judge fails to affirmatively express an intention to impose them concurrently."[15] But Judge Mannheimer found it unnecessary to resolve this issue to decide the *Stotesbury* case.

In other words, Judge Mannheimer's concurrence in *Stotesbury* simply identified a potential argument concerning the interpretation of former AS 12.55.025(e) and (g). Judge Mannheimer reached no conclusion on that issue.

By citing that concurring opinion, the State shows only that one member of this Court has previously recognized the existence of the issue. The *Stotesbury* concurring opinion is not authority for the State's argument that *Griffith* and *Baker* were wrongly decided. And the State has presented nothing else to support its argument. Accordingly, we reject the State's contention

11.  *Baker*, 110 P.3d at 1002.

12.  707 P.2d at 910, *aff'd* (but not this specific holding), 723 P.2d 85 (Alaska 1986).

13.  Alaska App. Memorandum Opinion and Judgment No. 4545 (March 13, 2002), 2002 WL 386126.

14.  *Id.* at 6, 2002 WL 386126 at *3. See the discussion of this point in *People v. Sandoval*, 974 P.2d 1012, 1014–16 (Colo.App.1998), and in *Commonwealth v. Pfeiffer*, 396 Pa.Super. 641, 579 A.2d 897, 899–900 (1990). Compare *Loper v. Shillinger*, 772 P.2d 552, 553 (Wyo.1989), a case in which the court acknowledged the usual presumption that sentences are concurrent but refused to apply this presumption—and in fact

adopted the presumption that sentences are consecutive—when a defendant is sentenced at the same time for a new crime and a parole revocation based on the new crime. Finally, see *King v. Maxwell*, 173 Ohio St. 536, 184 N.E.2d 380, 381 (1962), *cert. denied* 371 U.S. 869, 83 S.Ct. 133, 9 L.Ed.2d 106 (1962), a case from a jurisdiction that follows the minority rule: "Concurrent sentences ... require a positive act by the [sentencing] court and, in the absence of a declaration thereof by the ... court, it is presumed [that] sentences will run consecutively."

15.  *Stotesbury*, Memorandum Opinion and Judgment No. 4545 at 7, 2002 WL 386126 at *3.

that we misconstrued former AS 12.55.025(e) and (g) in *Griffith* and *Baker*.

For all of these reasons, we conclude that we must interpret Judge Weeks's sentencing remarks as imposing all of Paige's sentences concurrently.

*Judge Weeks did not commit plain error when he increased Paige's sentence based upon two aggravating factors that Paige conceded*

■ Paige was convicted of two felony offenses, criminal mischief in the third degree (a class C felony), and robbery in the second degree (a class B felony). Because Paige was a third felony offender for purposes of presumptive sentencing, he faced a 3–year presumptive term for the criminal mischief and a 6–year presumptive term for the robbery.[16]

Paige conceded the existence of two aggravating factors: that his prior criminal history included repeated instances of assaultive behavior,[17] and that, when he committed the robbery, he was on bail release from another felony charge (the criminal mischief).[18]

Based on Paige's concession, Judge Weeks found both of these aggravating factors. And, based on the aggravating factors, Judge Weeks increased Paige's sentences for both offenses by adding an additional amount of suspended imprisonment on top of the presumptive term. For the criminal mischief, Judge Weeks imposed 5 years with 2 years suspended, and for the robbery, Judge Weeks imposed 10 years with 4 years suspended.

In this appeal, Paige argues that this increase over the applicable presumptive term violated the Sixth Amendment to the United States Constitution as construed in *Blakely v. Washington*.[19] In *Blakely*, the Supreme Court held that, with the exception of a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury,

and proved beyond a reasonable doubt", unless the defendant concedes that aggravating fact.[20]

Paige did not raise a *Blakely* challenge in the superior court. He must therefore show plain error.

Paige's assertion of plain error founders on a significant legal hurdle: *Blakely* does not forbid increases to sentences based on aggravating factors that the defendant concedes. Here, as we have explained, Paige conceded the two aggravating factors that Judge Weeks relied on when he increased Paige's sentences.

One might conceivably argue that, given the Supreme Court's decision in *Blakely*, Paige should not be held to his concession of these two aggravating factors. But Paige has neither identified nor briefed this issue.

(However, it is still possible for Paige to pursue this point by filing a motion to correct his sentence under Alaska Criminal Rule 35(a), or by filing an application for post-conviction relief.)

*Conclusion*

Because Judge Weeks's remarks at Paige's sentencing do not clearly establish his intention to impose consecutive sentences, Paige's sentences must be deemed concurrent under Alaska's former law on this subject. We direct the superior court to amend the written judgments to reflect that Paige's sentences are to be served concurrently.

Judge Weeks did not commit plain error when he increased Paige's sentences for criminal mischief and robbery based on aggravating factors that Paige conceded. For this reason, we uphold Judge Weeks's decision to impose additional suspended imprisonment for these two offenses.

The judgments of the superior court are REVERSED as to the imposition of consecu-

---

**16.** AS 12.55.125(e)(2) and (d)(2).

**17.** AS 12.55.155(c)(8).

**18.** AS 12.55.155(c)(12).

**19.** 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

**20.** *Blakely,* 542 U.S. at ——, 124 S.Ct. at 2537 (citations omitted).

tive sentences; they are AFFIRMED as to the imposition of suspended imprisonment.