**Ajani SNELLING, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–8950.

Court of Appeals of Alaska.

Nov. 10, 2005.

James H. Cannon, Assistant Public Defender, Fairbanks, and Barbara K. Brink, Public Defender, Anchorage, for the Appellant.

Diane L. Wendlandt, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

STEWART, Judge.

In this appeal, we are asked to decide whether a defendant's Sixth Amendment right to jury trial extends to two of the statutory aggravating factors codified in AS 12.55.155(c): (c)(7), which applies if a defendant has a prior felony conviction that is a more serious class of offense than the defendant's current felony; and (c)(20), which applies if the defendant committed the current felony while on probation or parole from a prior felony conviction. The defendant in this appeal argues that, under the United States Supreme Court's decision in *Blakely v. Washington*,[1] the Sixth Amendment guarantees a right to jury trial with respect to both of these aggravating factors.

With respect to aggravator (c)(7), we hold that, so long as the fact of the prior felony conviction is not disputed, it is purely a question of law whether a defendant's prior felony is a more serious class of offense than the defendant's current felony. Accordingly, a sentencing judge can lawfully make this determination, and the defendant has no right to a jury trial on this issue.

It is a closer question whether defendants have a right to jury trial with respect to aggravator (c)(20). However, we need not decide this issue. It is undisputed that the defendant in this appeal was on felony probation when he committed his current felony. Thus, even if he was entitled to a jury trial

1. 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

on aggravator (c)(20), any error was harmless beyond a reasonable doubt.

### Factual and procedural background

Two Alaska State Troopers stopped Ajani Snelling for a traffic violation. During this stop, the troopers frisked Snelling and found nearly ten grams of cocaine packaged in several packets. The grand jury charged Snelling with one count of third-degree misconduct involving a controlled substance (possession of cocaine with intent to distribute).[2]

Snelling moved to suppress the evidence seized by the troopers. Superior Court Judge Richard D. Savell granted Snelling's motion in part. After this ruling, the parties reached a plea agreement. The State filed an information reducing the charge to fourth-degree misconduct involving a controlled substance (possession of cocaine without intent to distribute).[3] Snelling agreed to plead no contest to this reduced charge, giving up his right to appeal the partial denial of his suppression motion. Snelling further agreed that he had a prior felony conviction—a federal conviction for bank robbery—and that, as a result of this prior felony conviction, he faced presumptive sentencing as a second felony offender.

Snelling entered his no contest plea on June 1, 2004. Three weeks later, on June 24, the United States Supreme Court decided *Blakely v. Washington*. *Blakely* extended a defendant's right to jury trial under the Sixth Amendment to many factual issues that had previously been decided by sentencing judges. The Supreme Court recently restated this right to jury trial in *United States v. Booker*[4]: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."[5]

Snelling's current offense is a class C felony.[6] Because of his prior federal felony conviction, Snelling was a second felony offender for presumptive sentencing purposes, and he faced a 2–year presumptive term.[7] To establish the superior court's authority to impose a sentence exceeding this 2–year presumptive term, the State relied on three of the aggravating factors codified in AS 12.55.155(c): (c)(7)—that Snelling's federal felony was a more serious class of felony than his current offense; (c)(20)—that Snelling was on probation from that prior federal felony when he committed the current offense; and (c)(10)—that Snelling's conduct in committing his present offense was among the most serious within the definition of that offense.

At sentencing, Snelling objected to the superior court's consideration of any of these aggravating factors. He argued that, under *Blakely*, he had a right to a jury trial on all of these aggravators.

With respect to aggravator (c)(10) (conduct among the most serious within the definition of the offense), Judge Savell agreed that Snelling had a right to a jury trial. Following this ruling, the State withdrew this aggravator. This left aggravators (c)(7) and (c)(20).

With respect to aggravator (c)(7) (that Snelling's prior felony was a more serious class of offense than his current felony), Judge Savell rejected Snelling's jury trial argument. The judge concluded that, as a matter of law, robbery was a more serious class of felony than possession of cocaine.

Judge Savell expressed uncertainty as to whether Snelling was entitled to a jury trial on aggravator (c)(20) (that Snelling was on felony probation or parole when he committed his current offense). But despite this uncertainty, Judge Savell did not offer Snell-

---

**2.** AS 11.71.030(a)(1) (possession of cocaine with intent to deliver).

**3.** AS 11.71.040(a)(1) (possession of cocaine).

**4.** 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

**5.** *Booker,* 543 U.S. at 220, 125 S.Ct. at 756.

**6.** AS 11.71.040(d).

**7.** Former AS 12.55.125(e)(1) (in its pre-March 2005 form).

ing a jury trial on this issue. Moreover, Judge Savell's sentencing remarks are ambiguous as to whether he relied on aggravator (c)(20) when he decided Snelling's sentence, and the State asserts that he found and relied on aggravator (c)(20). Although Judge Savell did not specifically mention aggravator (c)(20), he did refer to the fact that Snelling was on felony probation when he committed the present crime, and he further noted that Snelling's probation apparently had not rehabilitated him or deterred him from committing new crimes.

Ultimately, Judge Savell increased Snelling's term of imprisonment from the presumptive 2–year term to an enhanced sentence of 3 years to serve.

*When the fact of a prior felony conviction is not disputed, the question of whether that prior conviction is a more serious class of offense than the defendant's current felony is an issue of law to be decided by the sentencing judge, not an issue of fact to be decided by a jury*

As explained above, Snelling concedes that he has a prior federal conviction for bank robbery. Under AS 12.55.145(a)(1)(B), a defendant's criminal conviction in another jurisdiction will count as a prior felony for purposes of Alaska's presumptive sentencing laws if that prior offense has "elements similar to those of a felony defined [by] Alaska law at the time the offense was committed."

In their briefs, the parties refer to Snelling's federal conviction as "armed robbery," and Snelling's federal criminal judgment likewise refers to the crime by this title. But the statute under which Snelling was convicted—18 U.S.C. § 2113(a)—seemingly does not require proof that the defendant was armed. This statute states, in pertinent part:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, ... any property or money or any other thing of value belonging to, or in the care ... of, any bank ... [s]hall be fined ... or

imprisoned not more than twenty years, or both.

Nevertheless, it is a moot point whether Snelling's conviction for bank robbery should be categorized as an "armed" robbery. Under Alaska law, robbery in any form is either a class A felony or a class B felony. Robbery is a class A felony (first-degree robbery) if the offender is armed or causes serious physical injury to another person. Any other robbery is a class B felony (second-degree robbery).[8]

In contrast, Snelling's present offense—fourth-degree controlled substance misconduct—is a class C felony.[9] Thus, even if Snelling's federal bank robbery conviction did not require proof that he carried or used a weapon, Snelling's act of bank robbery would be a more serious class of felony than his current offense. Accordingly, Judge Savell could properly conclude that aggravator (c)(7) applied to Snelling's sentencing.

The right to jury trial recognized in *Blakely* does not apply to this determination because, leaving aside the underlying fact of Snelling's federal conviction (a fact that Snelling conceded), there were no factual issues to be resolved. Under Alaska law, robbery in any form is a more serious class of felony than possession of cocaine without intent to distribute. Accordingly, Judge Savell's ruling on aggravator (c)(7) rested on an application of the law to undisputed facts. For these reasons, we reject Snelling's claim that he was entitled to a jury trial with regard to aggravator (c)(7).

*Even if Snelling was entitled to a jury trial with respect to aggravator (c)(20), any error was harmless beyond a reasonable doubt*

As we explained earlier, it is unclear from Judge Savell's sentencing remarks whether he found and relied on aggravator (c)(20) (the fact that Snelling was on felony probation when he committed his current offense).

Snelling argues that he was entitled to a jury trial on this issue. The State contends, however, that aggravator (c)(20) is another

---

**8.** *See* AS 11.41.500(b) (first-degree robbery); AS 11.41.510(b) (second-degree robbery).

**9.** AS 11.71.040(d).

issue that falls within *Blakely's* "prior conviction" exception. The State points out that Snelling's federal criminal judgment was issued in July 1997, that this judgment declares that Snelling would spend 78 months in prison, and that the judgment further declares that Snelling would be on probation for 3 years following his release from prison. Based on this, the State argues that Snelling's federal judgment, standing by itself, establishes that Snelling was on felony probation when he committed his current offense in early February 2004.

We need not resolve the issue of whether aggravator (c)(20) falls within the *Blakely* exception for prior convictions. Although Snelling argued in the superior court that he was entitled to a jury trial on this issue, Snelling never asserted that the wording of his federal criminal judgment failed to accurately reflect his sentence, nor did he assert that he had somehow obtained an early release from federal supervision, so that he was no longer on felony probation in February 2004.

Because it is undisputed that Snelling was a felony probationer when he committed his current offense, any error in failing to give him a jury trial on this issue is harmless beyond a reasonable doubt.[10]

*Conclusion*

The judgment of the superior court is AFFIRMED.

---

**10.** *See Johnson v. United States,* 520 U.S. 461, 467–68, 117 S.Ct. 1544, 1549, 137 L.Ed.2d 718 (1997); *United States v. Cotton,* 535 U.S. 625, 633–34, 122 S.Ct. 1781, 1786–87, 152 L.Ed.2d 860 (2002); *Milligrock v. State,* 118 P.3d 11, 16–17 (Alaska App.2005); *Ned v. State,* Alaska App. Opinion No.2003 at 9–13 (Aug. 19, 2005), 119 P.3d 438, 2005 WL 1994430 at *4–6.