**David A. TYLER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–8991.**

Court of Appeals of Alaska.

March 31, 2006.

---

**3.** *Allain,* 810 P.2d at 1022.

**4.** *Miyasato,* 892 P.2d at 202.

Linda K. Wilson, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Diane L. Wendlandt, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

STEWART, Judge.

David Tyler was convicted of felony driving while intoxicated and faced a 3–year presumptive term because he was a third felony offender. After Tyler conceded two aggravating factors, the superior court imposed 5 years' imprisonment. Tyler argues that his sentence was illegal under *Blakely v. Washington*[1] because neither aggravator was found by jury beyond a reasonable doubt. Because Tyler conceded that both aggravators applied, and because he has not shown plain error, we reject Tyler's arguments.

*Facts and procedural background*

In July 2002, David Tyler was charged with felony driving while intoxicated, refusal to submit to a chemical test, and driving with a suspended license.[2] Tyler pleaded no contest to driving while intoxicated and driving with a suspended license; the refusal charge was dismissed.

At sentencing in April 2003, Tyler conceded, through his attorney, two aggravators: AS 12.55.155(c)(20) (Tyler was on parole or probation for another felony charge at the time of the offense); and AS 12.55.155(c)(21) (Tyler had a criminal history of repeated instances of similar conduct). The State relied on Tyler's prior convictions for driving under the influence to prove aggravator (c)(21). Tyler had six prior driving under the influence convictions, two of which were felony convictions. Thus, Tyler faced a 3–year presumptive term.[3] Tyler was on probation

---

1. 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

2. AS 28.35.030(n), AS 28.35.032(p), and AS 28.15.291(a)(1), respectively.

3. *See* former AS 12.55.125(e)(2).

for one of the previous felony convictions when he committed the present offense.

Superior Court Judge Dan A. Hensley sentenced Tyler to the maximum 5 years' imprisonment for the felony DWI, revoked an additional 6 months' suspended imprisonment from one of the previous DWI convictions, and imposed 30 days' imprisonment for driving with a suspended license.

In an earlier appeal, we affirmed Tyler's 5–year sentence for felony driving under the influence but remanded the case to the superior court to determine whether Tyler's composite sentence for all three offenses should exceed the 5–year prison term.[4] On remand, Judge Hensley reduced Tyler's sentence to a composite 5–year term by ordering that Tyler's 30–day sentence for driving with a revoked license run concurrently with Tyler's 5–year sentence for felony driving while intoxicated. Judge Hensley also returned Tyler to probation with no time imposed for the probation violation.

Judge Hensley imposed the reduced sentence on April 19, 2004, four years after the United States Supreme Court issued its decision in *Apprendi v. New Jersey*[5] but before its decision in *Blakely v. Washington.* We affirmed Tyler's modified sentence in an order issued after the Supreme Court issued *Blakely.*

After *Blakely* was decided, Tyler filed a motion to correct illegal sentence under Alaska Rule of Criminal Procedure 35(a), arguing that the superior court did not have authority to impose a sentence greater than the presumptive 3–year term because a jury did not find the aggravators the court relied on to impose the 5–year sentence. Judge Hensley denied Tyler's motion, ruling that neither aggravator needed to be proved to the jury because they both fell into the "prior convictions" exception outlined in *Blakely.*

Tyler appeals.

4. *Tyler v. State,* Alaska App. Memorandum Opinion and Judgment No. 4820 at 2–3 (Jan. 28, 2004), 2004 WL 178715 at *1.

5. 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

6. *See Paige v. State,* 115 P.3d 1244, 1248 (2005).

### Does Tyler's sentence violate Blakely?

Both parties agree that the rule in *Blakely* applies to Tyler's case. But Tyler did not raise a *Blakely* claim in the superior court until he filed his 35(a) motion. Therefore, he must now show that Judge Hensley's decision to sentence Tyler based on the two conceded aggravators without submitting them to a jury is plain error.[6]

The State argues that *Blakely* claims, such as Tyler's, are not properly brought in a Rule 35(a) motion because Rule 35(a) protects against illegal sentences. According to the State, Tyler is challenging "only the manner in which the sentence was imposed" (i.e. without a jury finding aggravators), and not the legality of the actual sentence. In *Bishop v. Anchorage,*[7] we recognized that the term "illegal sentence" is narrowly construed to apply only to sentences "the judgment of conviction did not authorize."[8] We found that, to constitute an illegal sentence for the purposes of Rule 35(a), "the sentence itself must be illegal, not the manner in which it was imposed."[9] But we need not resolve this issue, because Tyler is not able to show plain error.

First, we address Tyler's claim that his sentence was unconstitutional under *Blakely* because the two aggravators Judge Hensley used to increase his sentence were not found by a jury. Under Alaska's pre–2005 presumptive sentencing laws, because Tyler was convicted of a class C felony and had two prior felony convictions, Tyler faced a 3–year presumptive term. If Judge Hensley had not found the aggravators (based on Tyler's concession that they applied), the 3–year presumptive term would have been the maximum term Judge Hensley could impose for felony driving under the influence.

Under *Blakely,* a defendant normally has a right to jury trial, and a right to demand proof beyond a reasonable doubt, whenever

7. 685 P.2d 103 (Alaska App.1984).

8. *Id.* at 105.

9. *Id.* at 105 n. 3 (internal citations omitted).

the defendant's sentencing ceiling hinges on disputed issues of fact.[10] But, *Blakely* exempts from this rule issues of fact that are based on a defendant's prior convictions.[11]

Although aggravator AS 12.55.155(c)(21) may be proved by evidence of uncharged criminal conduct, in the present case the State relied solely on Tyler's six prior convictions for driving under the influence. We held in *Grohs v. State*[12] that, "when a defendant's maximum sentence hinges on the defendant's prior convictions, at least when the defendant does not dispute the fact of those prior convictions, a sentencing judge can rely on the prior convictions without submitting them to a jury." [13] Here, because Tyler did not dispute the existence of his prior convictions for driving under the influence, Judge Hensley properly found aggravator (c)(21) without submitting the issue to a jury.

In addition to aggravator (c)(21), Tyler also conceded aggravator (c)(20)—that he was on felony parole or probation at the time of his current offense. Tyler argues that, under *Blakely*, aggravator (c)(20) must be submitted to a jury. He contends that the right to jury trial stems from the fact that, when a defendant's parole or probation arises from an out-of-state conviction, the sentencing court will sometimes be required to make a ruling regarding the elements of the out-of-state offense, and whether those elements are similar to the elements of a felony offense under Alaska law. Tyler argues that, under *Blakely*, such issues must be submitted to a jury.

We are not sure that this is true. The issues discussed in the previous paragraph appear to be issues of law, not issues of fact. But in any event, all of Tyler's prior convictions occurred in Alaska, so his case does not raise the problem he describes.

Moreover, Tyler did not dispute that he was on felony parole or probation at the time of his present offense. We have repeatedly held that, when the evidence establishing an aggravator is undisputed, and there is no reasonable possibility that a jury would find in the defendant's favor on the aggravator, any potential *Blakely* error in failing to submit the aggravator to a jury is harmless beyond a reasonable doubt and, thus, does not constitute plain error.[14] Tyler's case is controlled by this rule.

Tyler further argues that *Almendárez–Torres v. United States*[15]—the Supreme Court decision that exempts a defendant's prior convictions from the requirement of a jury trial under *Blakely*—has now become questionable authority.

*Almendárez–Torres* was a five-to-four decision. Recently, in *Shepard v. United States*,[16] Justice Thomas suggested that *Almendárez–Torres* "has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and [that] a majority of the Court now recognizes that *Almendárez–Torres* was wrongly decided." [17] Because Justice Thomas was a member of the five-judge majority in *Almendárez–Torres*, Tyler argues that it is now only a matter of time before the Supreme Court renounces *Almendárez–Torres* and eliminates the *Blakely* exception for prior convictions.

Tyler urges us to anticipate this change in the law and declare that, even when an aggravator is proved by a defendant's prior convictions, the aggravator must be submitted to a jury. But the United States Supreme Court has cautioned lower courts that they should not deviate from Supreme Court precedent, even when the Supreme Court's

10. *Blakely*, 542 U.S. at 301, 124 S.Ct. at 2536–37.

11. *Id.* at 301–03, 124 S.Ct. at 2537.

12. 118 P.3d 1080 (Alaska App.2005).

13. *Id.* at 1083. *See also Milligrock v. State*, 118 P.3d 11, 15 (Alaska App.2005).

14. *See Snelling v. State*, 123 P.3d 1096, 1099 (Alaska App.2005); *Milligrock*, 118 P.3d at 17.

15. 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

16. 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

17. *Shepard*, 125 S.Ct. at 1264 (Thomas, J., concurring).

later decisions seemingly invalidate that precedent or call it into question:

> [I]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, [a] Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.[18]

It is obvious that Justice Thomas's concurrence in *Shepard* casts doubt on the continuing validity of the prior conviction exception. Nevertheless, all of the courts that have confronted this issue have concluded that they are bound by Supreme Court precedent—i.e., bound by the prior conviction exception applied in *Apprendi* and *Blakely*—unless and until the United States Supreme Court actually modifies or eliminates this exception.[19]

In light of the case law we have just discussed, Judge Hensley did not commit error when he relied on the prior conviction exception in *Blakely*. This exception continues to be the law of the land unless and until the United States Supreme Court expressly abandons or modifies it.

### Conclusion

The judgment of the superior court is AFFIRMED.

---

**18.** *Agostini v. Felton,* 521 U.S. 203, 237, 117 S.Ct. 1997, 2017, 138 L.Ed.2d 391 (1997) (quoting *Rodríguez de Quijas v. Shearson/American Express, Inc.,* 490 U.S. 477, 484, 109 S.Ct. 1917, 1921–22, 104 L.Ed.2d 526 (1989)).

**19.** *See United States v. Rodríguez–Montelongo,* 263 F.3d 429, 434 (5th Cir.2001) (declaring that it is a court of appeals' duty "to apply the law as it exists," and that it is solely the prerogative of the Supreme Court to overrule its precedent if it chooses); *United States v. Davis,* 260 F.3d 965, 969 (8th Cir.2001) ("It is our role to apply Supreme Court precedent as it stands, and not as it may develop."); *United States v. Losoya–Mancias,* 332 F.Supp.2d 1261, 1265 (D.N.D.2004); *United States v. Gebele,* 117 F.Supp.2d 540, 548–

49 (W.D.Va.2000) (the fact that a majority of the Supreme Court may have expressed doubt as to the validity of the prior conviction exception does not affect its status as controlling law; a lower court cannot ignore Supreme Court precedent by simply "counting Justices" or "speculating about what the Supreme Court might do in the future"); *People v. Rivera,* 5 N.Y.3d 61, 800 N.Y.S.2d 51, 833 N.E.2d 194, 198 (2005) (noting that the prior conviction exception has been repeatedly reaffirmed by the Supreme Court, and that even though recent decisions have cast doubt on the continuing validity of this exception, it is solely the Supreme Court's prerogative to overrule its own decisions, and thus other courts are bound to follow the law as it currently exists).