**William Robert WOODBURY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–9402.**

Court of Appeals of Alaska.

Jan. 26, 2007.

Linda K. Wilson and Morgan White, Assistant Public Defenders, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Diane L. Wendlandt, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

In 2004, the State charged William Robert Woodbury with felony driving under the influence and driving while his license was

suspended or revoked.[1] These charges were ultimately resolved with a plea bargain. Under the terms of this plea bargain, Woodbury agreed to plead no contest to the felony DUI charge. In addition, Woodbury agreed that he would receive the maximum term of imprisonment for that offense—5 years, all to serve—and that his vehicle would be forfeited to the State. The State, for its part, agreed to dismiss the charge of driving with a suspended or revoked license.

But when the parties appeared in front of Superior Court Judge Eric Smith for Woodbury's change of plea and sentencing, Judge Smith noted a potential problem with the plea agreement: Woodbury was a third felony offender convicted of a class C felony, and he was therefore subject to presumptive sentencing. Specifically, Woodbury was subject to a 3–year presumptive term of imprisonment.[2] Under Alaska's presumptive sentencing law (the pre-March 2005 version of that law), the judge could not sentence Woodbury to the agreed-upon 5–year term of imprisonment unless the State proved one or more aggravating factors.

Woodbury's case was recessed briefly, and when the parties again stood in front of Judge Smith, the defense attorney announced that Woodbury wanted to go forward with the agreement. Woodbury then told Judge Smith that he had been on mandatory parole from a prior felony when he committed the present crime. That is, Woodbury conceded aggravator AS 12.55.155(c)(20)—thus allowing Judge Smith to exceed the 3–year presumptive term and impose the agreed-upon sentence: 5 years' imprisonment.

Woodbury's sentencing occurred in August 2004—several weeks after the United States Supreme Court announced its decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). At the time of his sentencing, Woodbury did not raise any *Blakely* objection to Judge Smith's finding of aggravator (c)(20). However, nearly a year later (in July 2005), Woodbury filed a motion to correct his sentence. In

this motion, Woodbury argued that Judge Smith had abridged his right to trial by jury when the judge found aggravator (c)(20) based on Woodbury's stipulation that he had been on felony parole at the time of his offense. As a consequence, Woodbury argued, his sentence should be reduced to the 3–year presumptive term that would have been the sentencing ceiling in the absence of aggravating factors.

In ruling on Woodbury's motion, Judge Smith noted that Woodbury had not raised a *Blakely* objection at the time of sentencing. The judge then concluded that any potential violation of *Blakely* in Woodbury's case would not constitute plain error.

Judge Smith noted that Woodbury had expressly conceded aggravator (c)(20) at the sentencing hearing. The judge further noted that, even after filing the motion to correct his sentence, Woodbury still did not dispute that he had been on felony parole at the time he committed the offense. Judge Smith concluded that, even if this factual question were to be submitted to a jury, "no reasonable jury would find otherwise". For these reasons, Judge Smith denied Woodbury's motion to correct his sentence.

Woodbury now appeals Judge Smith's ruling.

Woodbury first argues that, because of the decision in *Blakely*, all aggravating factors must be deemed elements of the offense. We recently rejected this argument in *State v. Dague*, 143 P.3d 988 (Alaska App.2006).

Woodbury next argues that, whether or not aggravators are elements of the offense, the *Blakely* decision requires that all aggravators be proved to a jury beyond a reasonable doubt. This assertion is only partially true.

■■■ *Blakely* holds that, generally speaking, a defendant is entitled to a jury trial on any issue of fact (other than a prior conviction) which, if found against the defendant, will raise the defendant's potential maximum sentence. But when a defendant fails to raise a contemporaneous *Blakely* ob-

---

1. AS 28.35.030(n) and AS 28.15.291(a), respectively.

2. Former AS 12.55.125(e)(2) (pre-March 2005 version).

jection to their sentencing proceedings, the defendant must demonstrate that the *Blakely* flaw amounted to plain error.[3]

■ In Woodbury's case, it is not evident that his sentencing was flawed by a *Blakely* error. *Blakely* holds that a sentencing judge can rely on aggravating factors expressly conceded by the defendant.[4] That is what happened here: Woodbury expressly conceded aggravator (c)(20)—that he was on felony probation or parole at the time of his present offense.

■ Woodbury argues that he should not be held to his concession. He argues that when he stipulated to aggravator (c)(20), he was essentially waiving his right to jury trial on this aggravator. Accordingly, Woodbury contends, Judge Smith was obliged to formally advise Woodbury of his right to jury trial, and to have Woodbury formally waive that right, before the judge could accept Woodbury's concession of aggravator (c)(20).

There is some case law to support this argument.[5] But many courts have rejected this attempt to draw a strict equivalence between the *Blakely* right to jury trial on sentencing factors and the general right to trial by jury on the underlying offense. These courts have held that, under *Blakely*, a defendant's express admissions (even statements made by the defendant during the discussion of the proposed plea), as well as a defendant's implied admissions (for example, the defendant's failure to object to statements in the pre-sentence report) can properly be relied on by a sentencing judge when finding aggravating factors.[6] And because courts are split on this issue, Woodbury can

not show that Judge Smith committed plain error when he accepted Woodbury's concession of aggravator (c)(20).

■ As this Court has repeatedly explained, an error is "plain" only if the error is so obvious that any reasonable judge would have perceived the error and taken action to correct it.[7] For this reason, a claim of plain error fails if reasonable judges could differ as to what the law requires.[8] Given the state of the law when Woodbury was sentenced— indeed, given the state of the law today— Judge Smith did not commit plain error when he relied on an aggravator that Woodbury expressly conceded.

■ Moreover, as Judge Smith noted when he denied Woodbury's motion to correct the sentence, Woodbury has never disputed the fact that he was on felony parole at the time he committed the present offense. We have repeatedly held that a *Blakely* error is harmless if the underlying facts are not in dispute—so that, even if the factual issue were to be presented to a jury, there is no reasonable possibility that a jury would find in the defendant's favor.[9] Thus, in *Tyler v. State*, we held that any *Blakely* error with respect to aggravator (c)(20) was harmless beyond a reasonable doubt, given the fact that the defendant did not dispute that he was on felony parole or probation at the time of his offense.[10]

In Woodbury's brief to this Court, his attorneys suggest that Woodbury did not really concede that he was on felony parole at the time of his offense. According to Woodbury's attorneys, Woodbury merely told

**3.** See *Tyler v. State*, 133 P.3d 686, 688 (Alaska App.2006); *Haag v. State*, 117 P.3d 775, 783 (Alaska App.2005); *Paige v. State*, 115 P.3d 1244, 1248 (Alaska App.2005).

**4.** *Blakely v. Washington*, 542 U.S. 296, 303, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004).

**5.** See *State v. Barker*, 705 N.W.2d 768, 773–74 (Minn.2005).

**6.** See *Chupp v. State*, 830 N.E.2d 119, 126 n. 12 (Ind.App.2005); *State v. Leake*, 699 N.W.2d 312, 324–25 (Minn.2005); *State v. Miranda–Cabrera*, 209 Ariz. 220, 99 P.3d 35, 41–42 (Ariz.App.2004).

**7.** See, e.g., *Massey v. State*, 771 P.2d 448, 453 (Alaska App.1989); *Carman v. State*, 658 P.2d 131, 137 (Alaska App.1983); *Marrone v. State*, 653 P.2d 672, 675–76 (Alaska App.1982).

**8.** *Heaps v. State*, 30 P.3d 109, 116 (Alaska App. 2001); *Hansen v. State*, 845 P.2d 449, 457 (Alaska App.1993); *Marrone v. State*, 653 P.2d 672, 676 (Alaska App.1982).

**9.** *Tyler v. State*, 133 P.3d 686, 689 (Alaska App. 2006); *Snelling v. State*, 123 P.3d 1096, 1099 (Alaska App.2005); *Milligrock v. State*, 118 P.3d 11, 17 (Alaska App.2005).

**10.** *Tyler*, 133 P.3d at 689.

Judge Smith that he had been on parole at some prior, unspecified time. This argument completely ignores the context in which Woodbury spoke to Judge Smith.

As explained above, Woodbury's plea bargain with the State came up against an unforeseen obstacle when Judge Smith pointed out that the agreed-upon sentence—5 years to serve—was legally impossible unless one or more aggravating factors were proved. The parties took some time to confer, and when they returned to court, Woodbury announced, "I was on mandatory parole." His attorney then said, "He was on parole."

It is true that Woodbury never uttered the words "at the time of this offense", nor did he specify that his parole was for a felony that qualified as a "prior felony" for purposes of presumptive sentencing as defined in AS 12.55.145(a)(1)(B). But in context, it is clear that Woodbury and his attorney were asserting that the plea agreement could go forward because aggravator (c)(20) was present—*i.e.*, the contemplated 5–year sentence could lawfully be imposed because, at the time of Woodbury's offense, he was on felony parole.

If Woodbury wished to retract or modify this concession, he had the opportunity to do so when he filed his extensive motion to correct his sentence. But as Judge Smith pointed out, Woodbury never suggested that he really had not been on felony parole at the time of his offense. Thus, any *Blakely* error was harmless beyond a reasonable doubt.

In addition to the points we have already discussed, there is one more reason why any potential *Blakely* error in Woodbury's sentencing proceedings would not be plain error: these proceedings involved a plea bargain.

Woodbury's 5–year sentence was an element of a plea bargain that he negotiated with the State. In his motion to correct his sentence, Woodbury asked Judge Smith (1) to hold the State to its side of the bargain, but at the same time (2) to reduce Woodbury's agreed-upon sentence from 5 years down to 3 years.

To prove plain error, a defendant must show that the error was so prejudicial to the fairness of the proceedings that failure to correct it would perpetuate manifest injustice.[11] Here, if Judge Smith had granted Woodbury's motion to "correct" his sentence, this would have created injustice, not cured it.

When, as in Woodbury's case, a defendant wishes to challenge an already consummated plea agreement as being unlawful, the defendant must seek rescission of the agreement—not selective enforcement of only those provisions favorable to the defendant. We addressed a similar situation in *Grasser v. State*, 119 P.3d 1016 (Alaska App. 2005):

> If Grasser now believes that he agreed to an illegal procedure or an illegal sentence when he negotiated his plea bargain with the State, his proper course of action is to ask the [trial] court to allow him to withdraw his pleas (*i.e.*, rescind the plea bargain). Because Grasser negotiated a plea agreement with the government, and because he was sentenced under the terms of that agreement, Grasser can not now claim the benefit of the portions of the agreement that he likes while, at the same time, mounting an appellate attack on the portions that he does not like.

*Grasser*, 119 P.3d at 1018.

For all of these reasons, we conclude that the superior court correctly denied Woodbury's motion to correct his sentence. The judgement of the superior court is AFFIRMED.

**11.** *Hosier v. State*, 1 P.3d 107, 112 n. 11 (Alaska App.2000); *Potts v. State*, 712 P.2d 385, 394 n. 11 (Alaska App.1985).