**Saul LOCKUK Sr., Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–9534.

Court of Appeals of Alaska.

March 16, 2007.

David W. Miner, Seattle, WA, for the Appellant.

Douglas H. Kossler, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

In 2002, Saul Lockuk Sr. was convicted of third-degree assault. This crime is a class C felony with a maximum sentence of 5 years' imprisonment.[1] Because Lockuk was a first felony offender, his sentencing was governed by former AS 12.55.125(k)(2). This statute provided that the "time to serve" component of Lockuk's sentence could not exceed 2 years' imprisonment (the presumptive term that would apply to a second felony offender convicted of the same offense[2]) unless the State proved one or more of the aggravating factors listed in AS 12.55.155(c) or extraordinary circumstances as defined in AS 12.55.165.

In order to justify a sentence of more than 2 years to serve, the State proposed four aggravating factors: (c)(8)—that Lockuk's criminal history included aggravated or repeated instances of assaultive behavior; (c)(9)—that Lockuk knew that his offense involved more than one victim; (c)(21)—that Lockuk had a history of criminal acts similar in nature to his current offense; and (c)(28)—that Lockuk's offense was directed against a person who had provided testimony or other evidence against Lockuk in another criminal proceeding.

---

1. *See* AS 11.41.220(d) (third-degree assault is a class C felony); AS 12.55.125(e) (pre–2003 version) (providing a maximum penalty of 5 years' imprisonment for class C felonies).

2. *See* former AS 12.55.125(e)(1) (pre–March 2005 version).

The State's proof of aggravating factors (c)(8) and (c)(21) rested on the fact that Lockuk had seven prior convictions for misdemeanor assault, as well as one prior conviction for resisting arrest.

At Lockuk's sentencing hearing, the parties discussed the State's proposed aggravators. Lockuk's attorney objected to aggravators (c)(9) and (c)(28), but he offered no objection to aggravators (c)(8) and (c)(21)—that is, the two aggravators that were based on Lockuk's prior convictions.

Superior Court Judge Fred Torrisi found that the State had proved three of its four proposed aggravators: (c)(8) (prior assaultive conduct); (c)(21) (history of similar criminal offenses); and (c)(28) (offense committed upon a person who had previously offered evidence against the defendant).

Employing the sentencing authority afforded by these aggravating factors, Judge Torrisi sentenced Lockuk to 5 years' imprisonment with 1 year suspended (*i.e.*, 4 years to serve).

Lockuk's sentencing took place at the end of May 2002. Two years later, in June 2004, the United States Supreme Court issued its decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In *Blakely*, the Supreme Court held that the Sixth Amendment guarantees criminal defendants the right to jury trial (and the right to demand proof beyond a reasonable doubt) on any issue of fact—other than a prior conviction—which, if resolved against the defendant, would subject the defendant to a higher maximum sentence than would otherwise be authorized by the jury's verdict.

In October 2005, Lockuk filed a motion under Alaska Criminal Rule 35(a), contending that he had been subjected to an illegal sentence. Lockuk's argument was based on *Blakely*.

Lockuk pointed out that, under former AS 12.55.125(k)(2), the "time to serve" component of his sentence would have been limited to 2 years' imprisonment if the State had not proved aggravators. Lockuk then argued that he was denied his constitutional rights to grand jury indictment, jury trial, and proof beyond a reasonable doubt because (1) the

State raised these aggravators in a post-trial pleading, rather than submitting them to a grand jury for inclusion in the indictment; (2) Judge Torrisi made the rulings on these aggravators himself, rather than submitting these issues to a jury; and (3) Judge Torrisi applied a "clear and convincing evidence" standard of proof (the standard of proof specified in former AS 12.55.155(f)) rather than employing the "beyond a reasonable doubt" standard of proof specified in *Blakely*.

Lockuk conceded that two of the aggravators, (c)(8) and (c)(21), were based on his prior criminal convictions—and that, therefore, these two aggravators apparently fell within the *Blakely* exception for prior convictions. However, Lockuk argued that recent federal cases cast doubt on the continuing validity of *Blakely's* prior-conviction exception. And Lockuk further argued that, no matter what federal law might say on this issue, there was no prior-conviction exception under Alaska law.

The State opposed Lockuk's motion. The State took the position that *Blakely's* exception for prior convictions was still good law, that the proof of aggravators (c)(8) and (c)(21) in Lockuk's case rested solely on Lockuk's prior criminal convictions, and that therefore these two aggravators were *Blakely*-compliant.

After considering these competing arguments, Judge Torrisi denied Lockuk's motion. Lockuk now asks us to reverse that decision.

Lockuk first argues that all aggravating factors that can potentially increase a defendant's sentence must be deemed "elements" of the defendant's crime—and that, therefore, a defendant has both a federal constitutional right and an Alaska constitutional right to grand jury indictment on these aggravating factors. We recently rejected this contention (under both federal and state constitutional law) in *State v. Dague*, 143 P.3d 988, 1007, 1010 (Alaska App.2006).

Lockuk next addresses the *Blakely* exception for prior convictions. As explained above, Lockuk has seven prior convictions for misdemeanor assault, as well as another conviction for resisting arrest. These convic-

tions ostensibly comprise a *Blakely*-compliant basis for finding aggravator (c)(8) (history of assaultive conduct) and aggravator (c)(21) (history of similar offenses). But Lockuk argues that his prior convictions for assault and resisting arrest can not properly be used to prove these two aggravators.

■ Lockuk first contends that, even under the United States Supreme Court's own decisions on this subject, "[t]he prior conviction exception [first recognized in *Almendárez–Torres v. United States*[3]] is as near to a dead letter as any [doctrine] that has not been specifically overruled". Lockuk argues that subsequent decisions of the Supreme Court have essentially "limited *Almendárez–Torres* to its facts".

We do not agree. First, the prior conviction exception continues to make sense, even in light of *Blakely*. We explained the rationale of the prior conviction exception in *Edmonds v. State*, 118 P.3d 17, 20 (Alaska App. 2005):

> For [a] defendant to be convicted of [a] crime ..., one of three things had to happen: either (1) the defendant exercised their right to trial by jury, and the jury found the defendant guilty; or (2) the defendant was offered a jury trial but waived it, choosing instead to be tried by a judge, and the judge found the defendant guilty; or (3) the defendant was offered a jury trial but waived trial altogether, choosing instead to enter a plea of guilty or no contest. Regardless of how the defendant was found guilty, the defendant's right to jury trial and the defendant's right to proof beyond a reasonable doubt were both honored—and thus *Blakely* is satisfied.

Second, as we recently noted in *Tyler v. State*, 133 P.3d 686 (Alaska App.2006), even though lawyers and judges might reasonably dispute the continuing vitality of the prior conviction exception, "the United States Supreme Court has cautioned lower courts that they should not deviate from Supreme Court precedent, even when the Supreme Court's

later decisions seemingly invalidate that precedent or call it into question". *Id.* at 689–690. Thus, even though there may be reason to doubt whether the prior conviction exception still commands five votes among the members of the Supreme Court, "[t]his exception continues to be the law of the land unless and until the United States Supreme Court expressly abandons or modifies it." *Id.* at 690.

We have explicitly held that, consistent with *Blakely*, a judge imposing a sentence under Alaska's pre–2005 presumptive sentencing laws could properly rely on a defendant's prior convictions as a basis for finding aggravators (c)(8)[4] and (c)(21)[5]—"at least when the defendant did not dispute the fact of those convictions, and when the State relied simply on the convictions themselves and the legal elements of those crimes, rather than attempting to introduce evidence of the particular facts underlying the prior convictions".[6]

Lockuk has never contested (either at his sentencing hearing, or in his Criminal Rule 35(a) motion in the superior court, or in his appellate briefs to this Court) that he has seven prior convictions for assault and one prior conviction for resisting arrest. Therefore, under this Court's prior decisions on this topic, Judge Torrisi committed no *Blakely* error when he relied on these prior convictions as the basis for finding aggravating factors (c)(8) and (c)(21).

■ Lockuk argues in the alternative that, even if an exception remains under *Blakely* for a defendant's prior convictions, that exception is limited to situations where the defendant personally and expressly concedes the existence of the prior convictions. Thus, even though neither Lockuk nor either of his lawyers has ever disputed the existence of Lockuk's prior convictions, Lockuk nevertheless contends that Judge Torrisi committed error under *Blakely* when he neglected to address Lockuk personally and obtain Loc-

---

**3.** 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

**4.** *Milligrock v. State,* 118 P.3d 11, 16 (Alaska App.2005).

**5.** *Grohs v. State,* 118 P.3d 1080, 1084 (Alaska App.2005).

**6.** *Grohs,* 118 P.3d at 1084.

kuk's express concession of those prior convictions.

■ To prevail on this point, Lockuk must show that Judge Torrisi's reliance on the undisputed prior convictions constituted plain error. Lockuk's argument rests on a particularly narrow reading of *Almendárez–Torres*—a reading that conflicts with this Court's own previous applications of the prior conviction exception. Whatever might be said in favor of Lockuk's legal argument, it is no more than debatable. This means that Lockuk can not show plain error—for when reasonable judges could differ as to what the law requires, there is no plain error.[7]

The same holds true with respect to Lockuk's related argument that, because Lockuk's right to jury trial was potentially involved, Judge Torrisi was required to address Lockuk personally and obtain his affirmative waiver of the right to jury trial on the aggravators (even in the absence of any dispute concerning them).

In *Paige v. State*, 115 P.3d 1244, 1248 (Alaska App.2005), a case that dealt with a pre-*Blakely* sentencing, we held that the sentencing judge did not commit plain error under *Blakely* when the judge relied on an aggravating factor that the defense attorney conceded. Lockuk's case is similar. As explained above, the State's pre-sentencing memorandum expressly relied on Lockuk's prior convictions as the basis for the State's proposed aggravators (c)(8) and (c)(21). And Lockuk's attorney implicitly conceded the existence of those prior convictions, in that the defense attorney never offered an opposition to aggravators (c)(8) and (c)(21), nor did he dispute the existence of the underlying criminal convictions.

Even though one might reasonably argue that, after *Blakely*, a sentencing judge must personally address the defendant and obtain a knowing waiver of the right to jury trial,[8] this is only one potential resolution of the issue. Several courts have rejected this argument. *See Chupp v. State*, 830 N.E.2d 119, 126 n. 12 (Ind.App.2005) (a defendant's failure to object to information contained in the pre-sentence report is "tantamount to an admission [of] the accuracy of the facts contained therein" for purposes of *Blakely* ); *Caron v. State*, 824 N.E.2d 745, 755 (Ind. App.2005) (there was no *Blakely* error when the defense attorney acknowledged the accuracy of pertinent information recited in the pre-sentence report); *Trusley v. State*, 829 N.E.2d 923, 925–26 (Ind.2005) (holding that the defense attorney's statement during the plea colloquy constituted an admission of fact relevant to the sentence enhancement); *State v. Leake*, 699 N.W.2d 312, 324–25 (Minn. 2005) (the sentencing judge did not violate *Blakely* by relying on facts admitted by the defendant as part of a plea agreement); *State v. Miranda–Cabrera*, 209 Ariz. 220, 99 P.3d 35, 41–42 (App.2004) (holding that a defendant's admissions at trial were admissions of fact for purposes of *Blakely* ).

Thus, Lockuk's position is no more than debatable. Reasonable judges could differ as to whether a sentencing judge must obtain the defendant's personal waiver of the right to jury trial with regard to aggravating factors when the existence of those aggravators is expressly conceded, or when the existence of the aggravators is plain from the record and is not disputed. Thus, Judge Torrisi did not commit plain error when he found aggravators (c)(8) and (c)(21) without obtaining Lockuk's personal waiver of the right to jury trial.

Moreover, Lockuk's claim of plain error fails for another reason. Lockuk has never

---

7. *See, e.g., Simon v. State*, 121 P.3d 815, 820 (Alaska App.2005): "To be 'plain error', an error must be so obvious that any competent judge or attorney would have recognized it. If a claim of error is reasonably debatable-if reasonable judges could differ on what the law requires-then a claim of plain error fails." (Footnotes omitted)

8. *Compare McGlauflin v. State*, 857 P.2d 366, 369 (Alaska App.1993) ("It may seem natural to assume that a defendant would make a decision of this importance only after consulting with defense counsel, and that any competent defense attorney would carefully explain the right to jury trial and the reasons why, in a particular case, it might further the defendant's interests to waive this right. Nevertheless, ... the rule [in Alaska is] that a defendant's waiver of jury trial cannot be upheld upon such an assumption; instead, the record must explicitly demonstrate that the defendant understood and personally relinquished the right to trial by jury.")

disputed that he does, in fact, have seven prior convictions for assault and one prior conviction for resisting arrest. In other words, there is no reasonable possibility that, if aggravators (c)(8) and (c)(21) had been submitted to a jury, the jury would have found in Lockuk's favor on either aggravator.

We have repeatedly held that, in such circumstances, any *Blakely* error in failing to present an aggravator to a jury is harmless beyond a reasonable doubt—and, thus, the error does not require alteration or vacation of the defendant's sentence.[9] This rule of harmless error is dispositive of Lockuk's claims.

Lockuk argues that any *Blakely* error is "structural". That is, he argues that the *Blakely* right to jury trial is so fundamental that a violation of this right is not subject to a "harmless error" analysis, but must instead lead to automatic reversal. The Supreme Court rejected this contention in *Washington v. Recuenco*, 548 U.S. ——, 126 S.Ct. 2546, 2553, 165 L.Ed.2d 466 (2006).

■ Lockuk next argues that even if *Blakely* recognizes an exception for aggravators based on a defendant's prior convictions, the Alaska constitutional guarantee of jury trial also applies to the aggravators listed in AS 12.55.155(c), and Lockuk further argues that the Alaska Constitution makes no exception for aggravators based on prior convictions.

Lockuk's argument hinges on an expansive interpretation of the Alaska Supreme Court's decision in *Donlun v. State*, 527 P.2d 472 (Alaska 1974)—an interpretation that runs counter to the Alaska Supreme Court's later decision in *State v. Malloy*, 46 P.3d 949 (Alaska 2002). In *Malloy*, the supreme court rejected the notion that *Donlun* required the State to allege aggravating factors in the indictment and ultimately prove these factors to a jury. The supreme court stated: *"Donlun ... recognize[s] that an increased sentence resulting from a finding of statutory aggravating circumstances is not a harsher maximum sentence [—and thus does not trig-*

ger a right to jury trial under *Donlun* ]." *Malloy*, 46 P.3d at 955.

Given the supreme court's decision in *Malloy* (a decision which essentially rejected, on state law grounds, the position that the United States Supreme Court later adopted in *Blakely* ), it is obvious that Lockuk can not show that the superior court committed error by failing to recognize, *sua sponte*, a right to jury trial under the Alaska Constitution for aggravating factors—much less a right to jury trial that does not include any exception for aggravators based on prior convictions.

■ Finally, Lockuk argues that it is inappropriate to analyze any of his claims under the rubric of "plain error". Lockuk concedes that he never raised any of these claims during his sentencing proceedings, but he notes that when he finally did raise these claims (three years later), he raised them in a motion under Alaska Criminal Rule 35(a). Unlike a petition for post-conviction relief, which is litigated as a separate civil case,[10] a motion for correction of an illegal sentence under Criminal Rule 35(a) is treated as part of the defendant's original criminal case. For this reason, Lockuk argues, his claims were fully presented "in the trial court", and thus "the very use of the ... plain error doctrine is inappropriate."

Lockuk cites no case law or other legal authority to support his position. And, in fact, the case law is contrary to his position.

In two recent published decisions—*Walsh v. State*, 134 P.3d 366, 374 (Alaska App.2006), and *Tyler v. State*, 133 P.3d 686, 688 (Alaska App.2006)-this Court employed a plain error analysis in situations like Lockuk's case: instances where defendants employed a Rule 35(a) motion to litigate *Blakely* claims that were not raised at the defendants' original sentencing hearings.

Other states follow this same approach. *See State v. Schroeder*, 76 Hawai'i 517, 880 P.2d 192, 207 (1994) (defendant's sentence was properly vacated under Hawai'i's equiva-

---

9.  *See, e.g., Snelling v. State*, 123 P.3d 1096, 1098–99 (Alaska App.2005); *Milligrock v. State*, 118 P.3d 11, 17 (Alaska App.2005).

10.  *See Hensel v. State*, 604 P.2d 222, 230–31 (Alaska 1979); *Plyler v. State*, 10 P.3d 1173, 1175 (Alaska App.2000).

lent to our Criminal Rule 35(a) when it was shown that the sentencing court committed plain error); *Miller v. State*, 856 So.2d 420, 425 (Miss.App.2003) (the legality of a sentence is reviewed for plain error), *reversed on other grounds* 875 So.2d 194, 200 (Miss. 2004); *Taylor v. State*, 995 S.W.2d 78, 84–85 (Tenn.1999) (a defendant attacking a sentence under Tennessee's equivalent to our Criminal Rule 35(a) must show that the sentence is "void and illegal" on its face—*i.e.*, that the sentence "is in direct contravention of a statute [that was] in existence at the time the sentence [was] imposed"); *State v. Brooks*, 908 P.2d 856, 860 (Utah 1995) (a sentence can be attacked under Utah's equivalent to our Criminal Rule 35(a), even though no objection was made at the time the sentence was imposed, if the sentence is "patently illegal"); *State v. Scheel*, 823 P.2d 470, 474 (Utah App.1991) (a defendant attacking a sentence for purported illegality, when no objection was made at the time, must show plain error).

In other words, even though the law of these states allows a defendant to petition the trial court "at any time" to correct a purportedly illegal sentence, such a defendant faces the normal procedural hurdles that apply to any claim of error that was not raised contemporaneously. Regardless of whether the claim of illegal sentence is raised for the first time on direct appeal, or in a petition for post-conviction relief, or under a rule of criminal procedure similar to Alaska's Criminal Rule 35(a), the defendant must show that the illegality of the sentence is plain.

*See also Hamill v. State*, 948 P.2d 1356, 1360 (Wyo.1997), where the court held that even though an illegal sentence can be corrected at "any time" under Wyoming's equivalent to our Criminal Rule 35(a), the doctrine of *res judicata* prohibits a defendant from filing successive motions for correction of sentence, each arguing a different theory as to why the sentence is illegal.

As the Connecticut Court of Appeals explained in *State v. Lawrence*, 86 Conn.App. 784, 863 A.2d 235, 238 (2005), the purpose of procedural rules like our Criminal Rule 35(a) is to confer continuing jurisdiction on a sentencing court to correct an illegal sentence, even if the claimed error was not raised at the time of sentencing or in the defendant's direct appeal. But these procedural rules are not intended to allow defendants to litigate claims of sentence illegality on a clean slate, as if no procedural default had occurred previously.

For these reasons, we reject Lockuk's argument that it is improper to apply a "plain error" standard of review to his claims. Rather, we re-affirm the approach that we took in *Walsh* and *Tyler*: when a defendant raises a *Blakely* claim for the first time in a motion to correct an illegal sentence under Criminal Rule 35(a), the defendant must demonstrate plain error.

Here, Lockuk has not shown plain error. As we have already explained, some of his *Blakely* claims have no merit at all. And with respect to Lockuk's remaining *Blakely* claims, any error is harmless beyond a reasonable doubt under the facts of Lockuk's case. We reach this conclusion for two reasons. First, we are bound to apply the *Blakely* exception for prior convictions unless and until the United States Supreme Court abolishes or modifies this exception. Second, Lockuk has never disputed the fact that he has seven prior convictions for assault and one prior conviction for resisting arrest. Thus, on the record before us, there is no reasonable possibility that a jury would find in Lockuk's favor on the question of whether he had these prior convictions, or whether these convictions constituted instances of assaultive behavior (aggravator (c)(8)), or whether these convictions constituted instances of criminal behavior similar in nature to the assault for which he was being sentenced (aggravator (c)(21)).

For these reasons, the judgement of the superior court is AFFIRMED.